**Joseph SUBILOSKY**

v.

**Palmer C. SCAFATI, Superintendent of Massachusetts Correctional Institution, Walpole.**

**Misc. Civ. No. 67–77–C.**

United States District Court
D. Massachusetts.

Dec. 30, 1968.

Richard W. Renehan, Hill & Barlow, Boston, Mass., for plaintiff.

Willie J. Davis, Asst. Atty. Gen., Boston, Mass., for defendant.

## OPINION

CAFFREY, District Judge.

This matter came on for hearing on the substitute petition for a writ of habeas corpus and upon respondent's motion to dismiss. At the hearing it was stipulated by counsel that the issues were to be resolved upon the basis of designated portions of the transcript of petitioner's trial in Superior Court, the opinion of the Supreme Judicial Court of Massachusetts in Commonwealth v. Subilosky, 352 Mass. 153, 224 N.E.2d 197, and on the basis of other papers more fully described in the Stipulation, a copy of which is appended hereto and made a part hereof. Neither party elected to call any witness at the hearing in this court, and the Stipulation provides that the foregoing constitutes "all the evidence that (the Court) would need on the merits of the substitute petition for writ of habeas corpus."

The petitioner is presently serving a sentence of life imprisonment in the Massachusetts Correctional Institution, which was imposed on him after a jury found him guilty of first-degree murder, armed robbery, and certain other offenses charged against him in the course of a bank robbery in Worcester, Massachusetts. Four legal issues are proffered by petitioner as alternative bases for granting the writ sought.

■ The first issue relied on by petitioner is an alleged denial of due process of law because of a claim that prior to the trial potential jurors in Worcester County were subjected to television, radio, and newspaper publicity, all of which reflected unfavorably to and adversely upon the character and background of petitioner. Suffice it to say that this particular issue is not properly before this Court at this time in view of the fact that petitioner's then counsel, an attorney with substantial experience in the practice of criminal law, expressly waived this issue in his brief on appeal to the Supreme Judicial Court. Thus, this issue should not be considered by this Court prior to its presentation to the Supreme Judicial Court through the utilization of an application for a writ of error or other post-conviction remedy open to petitioner under the laws of the Commonwealth of Massachusetts. Fay v. Noia, 372 U.S. 391, 433, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■ The second issue relied on by petitioner is a claim that he was denied trial by a fair and impartial jury be-

cause it was discovered that after the venire had been sequestered for four days one of the members thereof, Samuel A. Lapriore, disclosed that he was a relative of the murder victim. I rule that on the record before me there has been no showing over and above what was shown on the record before the Supreme Judicial Court at the time it handed down its opinion in Commonwealth v. Subilosky, 352 Mass. 153, 224 N.E.2d 197. I further rule, substantially as did the Supreme Judicial Court, that the voir dire conducted as to each of the jurors who actually sat adequately established that each of the jurors selected to hear the case was free of any prejudice and was of such a mental condition as to be able to decide the case and render a verdict solely on the sworn evidence introduced at the trial. I note that there was no showing of the degree of relationship the excused jury panel member bore to the decedent, nor was there any showing that any member of the jury actually selected to hear the case had any interest in the case, had formed an opinion or expressed an opinion, or was sensible of any bias or prejudice toward Mr. Subilosky. In so ruling I have in mind the answers given by each juror under oath relative to his state of mind and, of course, the fact that there is nothing in the record suggestive of any dishonesty on the part of any juror in answering the questions asked of him on the voir dire.

■ The third issue relied on by petitioner is a claim that he was denied a fair trial because the Commonwealth was allowed to introduce in evidence records of conviction of petitioner obtained at a time when he was not represented by counsel. An examination of the transcript indicates that Mr. Subilosky took the witness stand in his own defense and sought to establish a defense of alibi, and that the convictions complained of were used to impeach his credibility. Over objection of counsel, on the grounds (a) that the convictions were cumulative because defendant had already admitted on direct examination that he had been "in a great deal of difficulty with the police" and had "spent a substantial amount of time in State prison," and (b) that there was a question of presence of counsel, these convictions were admitted in evidence for the limited purpose of impeaching petitioner's credibility on the defense of alibi, and the trial judge instructed the jury to consider them only on the issue of credibility. On the appeal to the Supreme Judicial Court counsel for petitioner limited his objection to the introduction of these prior convictions solely to the ground that they were cumulative and, therefore, prejudicial. He did not submit to the Supreme Judicial Court any objection based on the fact that these convictions were obtained at a time when petitioner was not represented by counsel. Whether or not the Supreme Court would extend the doctrine of Burgett v. Texas, 389 U.S. 109, 88 S. Ct. 258, 19 L.Ed.2d 319 (1967), to a case in which a defendant had testified on direct examination without disclosing his prior criminal record and then was impeached by the use of convictions obtained at a time when he did not have counsel, and also had exhausted his presently available state court post-conviction remedies prior to filing a petition for habeas corpus in a United States District Court, need not be anticipated herein because, on the state of the record of the case, I rule that petitioner cannot prevail on this issue, first because the introduction of these convictions has not been shown to be prejudicial in the light of petitioner's admissions (quoted above) in the course of his direct examination, and secondly, because this issue is not properly before this Court at this time in any event, in view of petitioner's failure to present it to the Supreme Judicial Court in a post-conviction application for relief. Fay v. Noia, supra, at 433, 437, 438, 83 S.Ct. 822. Cf. In re Thoresen, 395 F.2d 466, 468 (1st Cir. 1968).

■ The final issue relied on by petitioner is a claim that he was denied a trial by a jury which fairly represented

a cross-section of the community, in view of the fact that the trial court excluded from the jury any member of the venire who expressed opposition to capital punishment. This contention is one which petitioner does not have standing to raise, in view of the fact that he was sentenced to life imprisonment. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), is squarely in point and resolves this issue adversely to petitioner.

The motion to dismiss is allowed and the petition for writ of habeas corpus is denied.

## STIPULATION

*Mr. Renehan.* Counsel can stipulate that they will offer the following transcripts, or portions of transcript, to the Court, as exhibits to be considered in connection with the four issues raised by this petition.

With respect to the issue raised in Paragraph 4 of the substitute petition, we would offer Volume 3 in its entirety; Volume 6 at pages 937 through 939, which includes assignments of error II and IV; and Volume 8 at page 963.

With respect to the issue raised in Paragraph 5, we would again offer Volume 3 and in particular direct the Court's attention to pages 430 to 432, assignments of error 1–A and 1–B.

With respect to the issue raised in Paragraph 6, concerning prior convictions, we would offer Volume 13, pages 1760 to 1766 which includes assignment of error 30.

Counsel will stipulate that the records of conviction used to impeach at the trial are of convictions obtained at a time when the petitioner did not have counsel.

With respect to the issue raised in Paragraph 7, concerning capital punishment, we would again offer Volume 3 and as examples direct the court's attention to pages 438 to 441 and page 464.

We would finally offer as exhibits the two unnumbered volumes of transcript, which the Court has in its file, concerning pretrial motions.

We would offer the decision of the State Supreme Court, which is also in the Court's file, and the series of printed documents marked Exhibit 3, consisting of a Xerox copy of several newspaper and/or magazine articles, concerning the petitioner and the nature of these charges.

We would note that the Court has in its file all the volumes to which we have made reference, except Volumes 3, 8 and Volume 13, which will be supplied to the Court by Mr. Davis and with those documents and exhibits to which we have made reference, the parties have submitted to the Court all the evidence that it would need on the merits of the substitute petition for writ of habeas corpus.