REED, Judge.
The appellant, Sandsbury Lee, appeals from an order of the Criminal Court of Record in Broward County, Florida, entered on 28 June 1966, summarily denying a motion he filed under Criminal Procedure Rule 1 (now CrPR 1.850, 33 F.S.A.) to vacate a sentence imposed upon him by that court.
On 25 April 1958 an’ ■ information Was filed in the Criminal Court of Record for Broward County, Florida, alleging that on 12 February 1952 appellant was adjudged guilty of robbery by the Criminal Court of Record for Dade County, Florida, and sentenced to imprisonment in the state penitentiary for a term of four years. The information also alleged that appellant on 25 June 1957 was convicted in the Criminal Court of Record for Broward County, Florida, of the felony of breaking and entering a motor vehicle. The information concludes with the allegation that appellant is a second offender under the laws of the State of Florida. The information does not allege the statute under which it was brought, but it was evidently predicated upon the second offender statute then in effect, F.S. Section 775.09, F.S.A.1957. The action was designated “Case No. 44805” in the records of the Broward County Criminal Court of Record.
A jury trial was held on the allegations contained in the information, and the defendant on 11 June 1958 was found guilty as charged. He was thereafter sentenced to imprisonment in the state prison for a term of eighteen years from May 13, 1957, the date of incarceration under the sentence initially imposed for the second felony conviction, that is, the Broward County conviction for breaking and entering a motor vehicle. This was Case No. 37976 in the records of the Criminal Court of Record for Broward County.
On 24 March 1966 appellant filed in the Broward County Criminal Court of Record in Broward County Case No. 44805 a pro se motion under Criminal Procedure Rule 1. His motion asserts two grounds for relief from the sentence imposed pursuant to his second offender conviction. The first is that at the time of the proceedings in the Dade County Criminal Court of Record, although he did not waive the right to be represented by an attorney, he was indigent and denied the appointment of an attorney for his defense. The second is that at the time he was tried in Broward County in Case No. 37976 for breaking and entering a motor vehicle, the prosecutor knowingly used perjured testimony.
The Criminal Court of Record for Broward County, Florida, entered an order on appellant’s motion on 28 June 1966 stating that:
« * * H=
“ * * * [I]f petitioner has some complaint in Dade County, Florida the proper court to handle Dade County Complaints would of necessity be a Dade County Court, and therefore this Court can only honor the judgments of Dade County as reflected by the clerk of it’s [sic] Criminal Court of Record, per the attached certificate.” (Emphasis added.)
The present appeal has been taken from this order which summarily denied the motion without an evidentiary hearing.
With, respect to the allegations relating to the knowing use of false testimony, the state takes the position that these allegations are merely conclusions and do not, therefore, warrant a hearing. We concur on the authority of Buchanan v. State, Fla.App.1966, 184 So.2d 225, but note in passing that the trial court had discretion to permit an amendment to the petition.
Two fundamental questions are presented by the record before us. Does the *864 second offender statute under, which appellant was convicted require for its application a constitutionally valid prior conviction ? If so, can appellant assert by means of a Rule 1 motion filed in the Broward County Criminal Court of Record the invalidity of the prior Dade County conviction after the Dade County sentence has expired?
The statute under which the defendant was convicted in Broward County as a second offender read as follows:
F.S. Section 775.09, F.S.A.1957:
“A person who, after having been convicted within this state of a felony * * * commits any felony within this state is punishable upon conviction of such second offense as follows: If the subsequent felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then such person must be sentenced to imprisonment for a term no less than the longest term nor more than twice the longest term prescribed upon a first conviction. * * * »
It is our opinion that this statute contemplates a constitutionally valid prior conviction. If it did not, the application of the statute would deny a defendant due process of law. In the case of Oyler v. Boles, 1962, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446, the United States Supreme Court commented with respect to a similar statute:
“ * * * It is, of course, true that identity is not the only issue presented in a recidivist proceeding, for, as pointed out by Mr. Justice Hughes (later Chief Justice when this Court first reviewed West Virginia’s habitual criminal law, this statute contemplates valid convictions which have not been subsequently nullified. Graham v. West Virginia, [224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917] supra. A list of the more obvious issues would also include such matters as whether the previous convictions are of the character contemplated by West Virginia’s statute and whether the required procedure has been followed in invoking it. Indeed, we may assume that any infirmities in the prior convictions open to collateral attack could have been reached in the recidivist proceedings, either because the state law so permits or due process so requires. * * * ”
These comments were dicta in the case, but we find them persuasive when coupled with other recent authority. In Burgett v. State of Texas, 1967, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, the Court held that:
“To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment. for another offense * * * is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of a right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right.” (Emphasis added.)
In Davis v. State, Fla.App.1966, 191 So.2d 440, the Court of Appeal for the Third District held that F.S. Section 790.23, F.S.A., which makes it unlawful to possess a pistol after a felony conviction contemplates an organically valid prior conviction. This decision was affirmed by the Florida Supreme Court in State v. Davis, Fla.1967, 203 So.2d 160. In its opinion the Florida Supreme Court points out that F.S. Section 790.23, F.S.A., is not a recidivist statute. The second offender statute with which we are here concerned is a recidivist statute because it creates no new offense, but requires an enhanced penalty for the second offense. Reynolds v. Cochran, Fla.1962, 138 So.2d 500. Regardless of the *865 distinction, both statutes require the imposition of a penalty which, but for the statutes, would not be authorized. In this important respect they are similar. This similarity leads us to conclude that both statutes should be interpreted in like manner. On the authority of these cases, we reach the conclusion that the application of F.S. Section 775.09, F.S.A., must be predicated upon a prior conviction not obtained in violation of one’s constitutional rights.
We are supported in our conclusion by Cross v. State, 1928, 96 Fla. 768, 119 So. 380, where the court said with respect to a recidivist statute:
“ * * * The statute does not make it an offense or crime for one to have been convicted more than once. The law simply prescribes a longer sentence for a second or subsequent offense for the reason that the prior convictions taken in connection with the subsequent offense demonstrates the incorrigible and dangerous character of accused thereby establishing the necessity for enhanced restraint. * * * ”
It appears from the above quote that the reasonableness of and thus the constitutional justification for a recidivist statute such as F.S. Section 775.09, F.S.A. rests on an assumption of increased culpability in a law breaker who has persisted in a course of crime. If the statute were applicable to a person whose convictions were obtained in violation of his constitutional rights, and particularly his right to be represented by an attorney, such would tend to eliminate the constitutional justification for the statute.
The state defends the summary denial of the motion without an evidentiary hearing on the ground that the sentence imposed by the Dade County Court having expired, the defendant is no longer entitled to attack that conviction. The state also says that the time for attacking the Dade County conviction was during the trial in Brow-ard County under the second offender charge.
At the time of the appellant’s trial in Broward County under the second offender statute in 1958, he could not have attacked the Dade County judgment on the ground which he is now asserting for the simple reason that an indigent’s right to appointed counsel was not recognized in state noncapital cases until 18 March 1963 when the Supreme Court of the United States decided Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733. For this reason and under the peculiar facts of this case we conclude that the defendant was entitled to use Criminal Procedure Rule 1 to assert his belatedly recognized right even though he did not object to the organic validity of the Dade County conviction at the time of his Broward County trial as a second offender. One of the purposes of Rule 1 is to provide a procedural means for state prisoners to exercise rights which were not recognized at the time of their convictions. Roy v. Wainwright, Fla.1963, 151 So.2d 825.
The state’s contention that because the term of imprisonment imposed under the Dade County conviction has expired that conviction can no longer be challenged under Rule 1 has a superficial appeal, but we do not think it is valid because the object of appellant’s Rule 1 motion is to secure relief not from the Dade County sentence, hut from the Broward County sentence imposed following appellant’s conviction under the second offender statute. This sentence has not expired and appellant is in custody under it. For these reasons, we are of the opinion that the application for relief was properly made in Broward County to the court in which the conviction occurred and which imposed the sentence.
*866 In summary, we conclude that the allegations in the Rule 1 motion when taken as true show a substantial basis for relief from the sentence imposed under the second offender statute in the Broward County Criminal Court of Record Case No. 44805. It does not conclusively appear from the record in that case that the motion is without merit; therefore, a full evidentiary hearing should be granted to the defendant on his motion. State v. Weeks, Fla.1964, 166 So.2d 892.
On remand, the trial court preliminarily should determine whether or not the presence of the appellant at the evi-dentiary hearing is essential or would -be helpful. Consideration should be given to whether or not the testimony of the appellant on the factual issues is required to produce a correct result. State v. Weeks, supra. While this determination is within the sound discretion of the trial court, it is difficult to conceive how the critical factual issues here involved can be disposed of without the testimony of the appellant.
On remand, the trial court should afford the appellant an opportunity to prove that at the time he was arraigned in Dade County and pled to the charge of robbery or at any other critical stage of the proceedings he was denied an attorney in violation of the principles of Gideon v. Wainwright, supra. If the trial court determines that at such time appellant was indigent and unrepresented by counsel and did not knowingly and intelligently waive his right to counsel, the 1952 Dade County conviction on which the second offender charge was based shall be considered as invalid, Sardinia v. State, Fla.1964, 168 So.2d 674, and. the trial court shall vacate its sentence imposed under the recidivist statute in Case Number 44805 and reinstate the sentence previously imposed on the defendant under his Broward County conviction in Case Number 37976. In so sentencing the appellant, he shall be given credit for all time served under the adjudication in Case No. 44805 and under any sentence heretofore imposed in Case No. 37976 and such “gain” time as appellant has earned. Harvey v. Mayo, Fla.1954, 72 So.2d 385. This may result in a release of the defendant from custody.
For the foregoing reasons, the order appealed is reversed and remanded for proceedings in accordance with this opinion.
CROSS, J., and KELLY, RICHARD, Associate Judge, concur.