## DOUGLAS FRAZIER *v.* STATE OF MARYLAND

[No. 418, September Term, 1968.]

*Decided June 6, 1969.*

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James F. Garrity* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with

whom were *Francis B. Burch, Attorney General, Charles E. Moylan, State's Attorney for Baltimore City,* and *Sandra Cohen, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant, Douglas Frazier, was convicted in the Criminal Court of Baltimore, Judge Dulany Foster sitting without a jury, of storehouse breaking with intent to steal goods of the value of $100. or more therefrom. He was sentenced to serve five years under the jurisdiction of the Department of Correction.

At trial the appellant elected to testify. On cross-examination the State, without objection, questioned him about his past convictions. Upon this appeal the appellant contends that "this is reversible error as clearly enunciated in *Burgett v. Texas,* 389 U. S. 109 (1967) because it was not shown that appellant was represented by counsel at the time of these prior convictions." No objection having been raised at trial, the issue is not properly before this Court on appeal. Maryland Rule 1085. Moreover, the law in Maryland is clear that when a defendant takes the stand in his own defense he may be cross-examined regarding his criminal record. *Minor v. State,* 6 Md. App. 82, 88 (1969). *Burgett v. Texas, supra,* is not applicable since Burgett's prior conviction was presumptively void, which is not the situation here. See *Suggs v. State,* 6 Md. App. 231, 235-36 (1969).

The appellant also contends that he was denied effective assistance of counsel. For the reasons set forth in *Turner v. State,* 5 Md. App. 584, 586-87 (1968), we decline to review the issue of competency of appellant's counsel, that issue not having been tried and decided below. Maryland Rule 1085. Of course, the appellant is not precluded from raising the point in other procedures available to him.

*Judgment affirmed.*