## JAKE GLOVER FOWLER *v.* STATE OF MARYLAND

[No. 393, September Term, 1968.]

*Decided June 19, 1969.*

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*John D. Hackett* for appellant.

*Thomas N. Biddison, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Barry S. Frame, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

Appellant was found guilty by a jury in the Criminal

Court of Baltimore under two separate indictments charging assault upon James Williard on February 24, 1968. Sentenced by the court to two concurrent five-year terms under the jurisdiction of the Department of Correction, he contends on this appeal that the court erred when it instructed the jury that it could consider his past criminal record in determining his guilt of the offenses charged.

There was evidence adduced at the trial showing that appellant and Williard engaged in an altercation on February 24, 1968, during which appellant struck Williard twice with an iron pipe. Appellant testified on his own behalf and admitted that he struck Williard. He claimed, however, that he was defending himself when he struck Williard. On cross-examination, appellant admitted to an extensive past criminal record.

In its advisory instructions to the jury, the court stated:

> "You are permitted to draw from the facts you find to be proved such reasonable inferences as seem justified in the light of your own experience, and in that regard you may consider the past record of the Defendant, but only as it applies to the evidence in this case as to his guilt or innocence."

At the conclusion of the court's charge, appellant's counsel, out of the presence of the jury, stated:

> "In your instruction I think there should be an instruction to the Jury not to consider the criminal record in determining . . . ."

The court responded as follows:

> "I did say it. Haven't even touched on it. If you want me to say it again, I'll say it again."

It is elementary that in a criminal case, where the defendant is a witness in his own behalf, he thereby puts

his character in issue and may be asked on cross-examination if he has been convicted of a crime. *Huber v. State,* 2 Md. App. 245. Such evidence of prior conviction is admissible only for the purposes of impeachment and not to prove a fact in issue unless relevant to that issue and not collateral thereto. *Johnson v. State,* 4 Md. App. 648. In other words, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses, even though of the same nature as the one charged, is incompetent and inadmissible for the purpose of showing commission of the particular crime charged. *Wethington v. State,* 3 Md. App. 237. The rule is not without exceptions, however, so that the prior conviction may be shown when it tends to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and (5) the identity of the person charged with the commission of a crime on trial. *Gordon v. State,* 5 Md. App. 291.

We think it clear from the record that the State's only purpose in introducing the prior convictions was to impeach appellant's credibility as a witness. Equally clear is the fact that on the record in this case the convictions would not have been admissible for any other purpose. While appellant's trial counsel [1] did not make proper objection to the court's instructions that the jury could consider appellant's past criminal record in determining his guilt of the current offenses, we are permitted by Maryland Rule 756g to "take cognizance of and correct any plain error in the instructions, material to the rights of the accused," even though there was no objection to the instructions. See *Parker v. State,* 4 Md. App. 62. We think it proper to invoke the Rule in this case—a case involving, in large part, the victim's word of what occurred against that of the appellant. In so concluding to reverse the judgments of conviction, we note that the State has

---

1. Not the same counsel as represents appellant on this appeal.

made no claim that the transcript of the court's advisory instructions was in error, nor did it file a motion to correct the record. Under these circumstances, we must accept the record as it appears.

*Judgments reversed. Case remanded for a new trial.*