DONALD JAMES JOHNSON *v.* STATE OF MARYLAND

[No. 331, September Term, 1969.]

*Decided March 17, 1970.*

168

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James F. Garrity* for appellant.

*William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Charles A. Herndon, Jr., Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The principle of *Burgett v. State of Texas,* 389 U. S. 109, decided 13 November 1967 is that to permit a conviction obtained without the assistance of counsel or a valid waiver thereof to be used against a person either

to support guilt or enhance punishment for another offense is a violation of the right to counsel guaranteed by the Sixth Amendment to the Federal Constitution and applicable to the states by virtue of the Fourteenth. The question is whether this principle applies to exclude evidence of prior convictions offered by the State to impeach the credibility of a defendant testifying in his own behalf.

It has been long and firmly established in this jurisdiction that the credibility of a witness may be impeached by evidence of his conviction of a crime. See *Smith v. State,* 64 Md. 25 (1885). We stated the rule in *Robinson v. State,* 4 Md. App. 515, 532-533:

> "The general rule is that evidence of a conviction of a crime is permitted to impeach the credibility of a witness on cross-examination in the trial court's discretion. *Mason v. State,* 242 Md. 707, 710. Such evidence need not be restricted to infamous crimes or those involving moral turpitude, provided the violation of law may have some tendency to show that the witness is not to be believed under oath. 'In such instances the exercise of discretion by the trial judge will not be interfered with on appeal unless the fact of the prior conviction is clearly irrelevant'. *Cousins v. State,* 230 Md. 2, 4; Md. Code (1965 Repl. Vol.) Art. 35, § 10. See *McLaughlin v. State,* 3 Md. App. 515. The general rule applies where the defendant is a witness in his own behalf. '[H]e thereby puts his character in issue, and may be asked on cross-examination if he has been convicted of crime'. *Taylor v. State,* 226 Md. 561, 567, citing *Burgess v. State,* 161 Md. 162, 169."

See *Smith v. State,* 6 Md. App. 581, 588-589; *Stewart v. State,* 4 Md. App. 565, 571; *Gunther v. State,* 4 Md. App. 181, 184; *Huber v. State,* 2 Md. App. 245, 256-257. In *Nance v. State,* 7 Md. App. 433, 442 we found that the

rule continues to serve a legitimate purpose and does not conflict with constitutional protections afforded a criminal defendant.

Prior to *Burgett* it was the customary practice for the State, usually fortified with a police or FBI record of his previous convictions, to ask a defendant who took the stand at the trial of the charge against him if he had ever been convicted of a crime. If he admitted that he had the State would then, from the record in its possession, question him with respect to the date, the crime and the punishment as to specific convictions. If he denied a conviction the State could, pursuant to Md. Code, Art. 35, § 10, prove the conviction by introducing the certificate, under the seal of the clerk of the court wherein the criminal proceedings were had, stating the fact of the conviction and for what crime, it not being necessary to produce the whole record of the proceedings containing such conviction.[1] Thus it was the fact of a conviction of him and the nature of the crime of which he was convicted which governed the admissibility of the evidence of the prior conviction.

To preserve the question of the admissibility of evidence of a prior conviction on appeal proper challenge must be made below. Md. Rule 522 d 2, applicable to criminal causes by Rule 725 f, provides: "Every objection to the admissibility of evidence shall be made at the time when such evidence is offered, or as soon thereafter as the objection to its admissibility shall have become apparent, otherwise the objection shall be treated as waived." This procedural rule does not infringe a guarantee in the Federal Constitution; state procedural requirements to raise or preserve a question may still be respected in the case of an alleged violation of the Fourteenth Amendment. See *Mapp v. Ohio,* 367 U. S. 643;

---

1. The section was amended by Ch. 259, Acts 1969, effective 1 July 1969, by adding: "No conviction may be used for any purpose under this section when the conviction is being appealed or the time for noting an appeal has not expired." This supersedes our holding to the contrary in *Suggs v. State,* 6 Md. App. 231.

*Porter v. State,* 230 Md. 535; *Baynard v. State,* 2 Md. App. 701.

The precise holding in *Burgett* was to reverse a conviction on a charge that Burgett "had cut one Bradley with a knife and had stabbed at Bradley's throat with intent to kill." The conviction was reversed because the State in attempting to establish that the defendant had incurred four previous felony convictions, also charged in the indictment under Texas recidivist statutes,[2] and which if established would enhance his punishment, had produced before the jury evidence as to a prior conviction which was presumptively void. It was presumptively void because the certified records of the conviction raised a presumption that Burgett was denied his right to counsel in the Tennessee proceeding, presuming waiver from a silent record being impermissible. 389 U. S. at 114-115. The conviction was reversed even though the trial court had instructed the jury not to consider the prior offenses for any purpose whatsoever in arriving at the verdict and even though Burgett had not suffered the enhanced pun-

2. The prior convictions alleged were a Texas conviction for burglary and three Tennessee convictions for forgery. As to the prior Texas conviction a certified copy of the indictment was admitted in evidence without objection. Some testimony was then offered in the presence of the jury concerning the judgment and sentence and further testimony taken out of its presence. Objection to the Texas conviction on the ground that it was void on its face under Texas law was sustained. In the presence of the jury a certified copy of one of the Tennessee convictions was offered. It showed that the defendant appeared without counsel and there was no indication that counsel had been waived. Ruling on objection to it was reserved. A second version of that conviction was offered by the State which stated that the defendant had appeared "in proper person" but did not contain the additional words "without counsel." There was no explanation of the discrepancy between the two records. Objection to the second version was reserved. Ultimately the trial court sustained the objection to the first version but overruled the objection to the second version. The next reference to the prior convictions was when the court instructed the jury not to consider the prior offenses for any purpose whatsoever in arriving at the verdict on the substantive offense. The Court noted, note 6, 389 U. S. at 113, that the trial court apparently withdrew consideration of the prior convictions from the jury since only the record of the one prior Tennessee conviction for forgery was accepted and under the provisions of the Texas recidivist statute that statute could therefore not be applied to the defendant.

ishment provided by the recidivist statutes. The Court said, at 115: "The admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon v. Wainwright* (372 U. S. 335) is inherently prejudicial and we are unable to say, that the instructions to disregard it made the constitutional error 'harmless beyond a reasonable doubt' within the meaning of *Chapman v. State of California,* 386 U. S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705.".

The meaning and application of *Burgett* has troubled appellate courts, both federal and state, throughout the country and more often than not has divided the members of those courts. There has been little agreement with respect to the application and effect of its rationale, and the procedure to be followed when found applicable, even in those cases involving enhanced punishment under recidivist or habitual offender or subsequent offender statutes.[3]

There have been some cases which presented the applicability of *Burgett* as to the admission of evidence of prior convictions for the purpose of impeaching the credibility of the defendant-witness. The question was raised in a *habeas corpus* proceeding in *Subilosky v. Scafati,* 294 F. Supp. 18 (Mass. 1968) but was not resolved because the court found it was not properly raised as it had been waived and because other statements made by the defendant on direct examination to the effect that he had been "in a great deal of difficulty to the police" rendered evidence of the prior convictions non-prejudicial. In *Gilday v. Commonwealth,* 247 N.E.2d 396 (Mass. 1969) the court, noting that it was not in agreement as to the effect

---

3. See for example, *Loiseau v. Sigler,* 406 F. 2d 795 (8th Cir. 1969); *United States v. Martinez,* 413 F. 2d 61 (7th Cir. 1969); *Wilson v. Wiman,* 386 F. 2d 968 (6th Cir. 1967); *Williams v. Coiner,* 392 F. 2d 210 (4th Cir. 1968); *State of Iowa v. Cameron,* 167 N.W.2d 689 (Iowa 1969); *Hamlet v. State of Nevada,* 455 P. 2d 915 (Nevada 1969); *Lewis v. State of Montana,* 457 P. 2d 765 (Montana 1969); *People v. Randolph,* 25 N.Y.2d 765 (Court of Appeals of N. Y. 1969); *Lee v. State of Florida,* 217 So. 2d 861 (Fla. 1969); *Gerberding v. State of Missouri,* 433 S.W.2d 820 (Missouri 1968).

of *Burgett,* said that even if it applies to the introduction of prior convictions for impeachment, the introduction of constitutionally void convictions was harmless error where other more serious convictions were also introduced and no objection was raised as to them on appeal. In *Shorter v. United States,* 412 F. 2d 428 (9th Cir. 1969) a question presented whether the rationale of *Burgett* barred the use of felony convictions offered for impeachment purposes absent a clear showing that the convictions were not obtained in violation of the rule in *Gideon v. Wainwright.* At 429. Emphasizing that *Burgett* involved the use of prior convictions to *enhance punishment* under a recidivist statute, the majority of the court found it not necessary to determine the question because the prior convictions in the case before it were not offered by the prosecution but by the testimony of the appellant himself. The third judge sitting in the case dissented, making clear that he felt *Burgett* was applicable and that the case should be remanded in order that the Government may have an opportunity to satisfy the lower court, if it could, that the prior convictions were not obtained in violation of the *Gideon* rule. In *Tucker v. United States,* 299 F. Supp. 1376 (U. S. District Court, N. D. California 1969), a proceeding on motion to vacate sentence, the defendant urged that *Burgett* barred the use of felony convictions for impeachment when those convictions were obtained in violation of the standards of *Gideon.* The court concluded in a memorandum decision that "the use of constitutionally invalid prior convictions on cross-examination for impeachment purposes was error," but that the error was harmless because the defendant's credibility was "successfully impeached, and in fact, demolished," by proof of prior inconsistent statements by him and by other evidence contradicting his testimony.

The Sixth Amendment to the Constitution of the United States provides: "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." *Johnson v. Zerbst,* 304 U. S.

458 construed this to mean that in federal courts counsel must be provided for defendants unable to employ counsel unless the right is freely and intelligently waived. *Gideon v. Wainwright,* 372 U. S. 335, expressly overruling *Betts v. Brady,* 316 U. S. 455, established the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of the Fourteenth Amendment, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one. That ruling was not limited to prospective applications. See *Doughty v. Maxwell,* 376 U. S. 202; *Pickelsimer v. Wainwright,* 375 U. S. 2. Although the precise ruling in *Gideon* applied to state prosecutions for felonies, the Court remarked, at 344: "The right of one *charged with crime* to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours." The Court of Appeals and this Court have construed *Gideon* as imposing on the State the absolute constitutional right of an accused to representation by a lawyer, either privately secured or furnished by the State, unless he affirmatively waives the right, in a serious State criminal prosecution. *Manning v. State,* 237 Md. 349, 353; *Wayne v. State,* 4 Md. App. 424, 428. Md. Rule 719 b establishes in what prosecutions in this jurisdiction an indigent accused shall be furnished counsel.

The Court made clear in *Burgett* that its holding was predicated upon the ruling in *Gideon.* It said, 389 U. S. at 115:

> "To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or to enhance punishment for another offense * * * is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right." (citation omitted).

Thus evidence of a prior conviction when such conviction was unconstitutionally obtained by the denial of counsel must be excluded. It noted that the States are free to provide such procedures as they choose in criminal causes, including rules of evidence, provided that none of them infringes a guarantee in the Federal Constitution. But the limitations which the Constitution places on state criminal procedures sometimes touch rules of evidence, and gave as examples the exclusion of coerced confessions,[4] the exclusion of evidence obtained by an unreasonable search and seizure,[5] and the exclusion of a transcript of a preliminary hearing because the defendant had no lawyer at that hearing, and did not therefore, have the opportunity to cross-examine the principal witness against him who since that time had left the State.[6]

## THE APPLICABILITY OF THE BURGETT PRINCIPLE

We hold that the *Burgett* principle serves to exclude evidence of a prior conviction offered for the purpose of impeaching the credibility of an accused testifying on his own behalf when it is established that such conviction was obtained absent representation by counsel or a valid waiver thereof. We point to the language in the opinion of the Court in *Burgett*. "To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either *to support guilt* or to enhance punishment *for another offense* * * * is to erode the principle of that case. * * * The admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon v. Wainwright* is inherently prejudicial * * *." (Emphasis supplied) 389 U. S. at 115. We do not think that this language can be interpreted as limiting its application to recidivist, or habitual offender or subsequent offender statutes authorizing enhanced punishment upon conviction of a current substantive offense.

4. *Chambers v. State of Florida*, 309 U. S. 227.
5. *Mapp v. Ohio*, 367 U. S. 643.
6. *Pointer v. State of Texas*, 380 U. S. 400.

And we cannot say that evidence of a prior conviction to impeach the credibility of an accused testifying in his own behalf does not support guilt of the offense for which he is on trial; the question of his credibility is material to his guilt or innocence.

In *Brown v. State,* 4 Md. App. 623, we did not limit *Burgett* to its precise holding. The appeal was from a revocation of probation. We remanded the case for further proceedings sufficient for a determination by the hearing court whether or not the defendant was afforded counsel at the trial of the substantive offense resulting in conviction and the grant of probation and if she had not been afforded counsel whether or not she had intelligently and knowingly waived her right thereto. In so doing we said, at p. 628: "We think the principle of *Burgett* is such that if appellant's shoplifting conviction were unconstitutionally obtained, and the sole reason for the revocation of her probation was the fact of that conviction, then the conviction cannot of itself provide a proper basis upon which to revoke the previous grant of probation." And we find the clear implication, if not the precise holding, in *Thomas v. Warden,* 7 Md. App. 214, *Frazier v. State,* 7 Md. App. 165, and *Suggs v. State, supra,* that the rationale of *Burgett* applies to the admission of evidence of prior convictions to impeach the credibility of a defendant-witness.

In so holding we reject the contention of the State that *Burgett* is not here applicable because its facts are distinguishable. Nor do we see any validity in the State's argument that compliance with the provisions of Code, Art. 35, § 10 is all that is required to render the fact of a prior conviction admissible. The statute only provides a procedural method of proving a conviction. It does not and cannot make a conviction which is constitutionally void admissible. The Supreme Court has made abundantly clear that a procedural rule may not infringe a federal constitutional guarantee impressed upon the States.

## THE PROCEDURE

Our holding that the principle of *Burgett* is applicable to impeachment of a defendant-witness by proof of prior convictions requires consideration of the procedure to be followed with respect to it.

*Burgett* does not disturb the procedural requirements of Rule 522 d 2. If timely objection is not made below the question of the admissibility of a prior conviction is not preserved for appeal. Rule 1085. We so held in *Frazier v. State, supra,* at 166. And we observe that if the prior conviction was introduced by the defendant himself rather than by the State, he thereby waives objection. If he so offers the conviction, probably as a matter of trial strategy to soften the anticipated blow in the eyes of the trier of fact, he cannot be heard to complain that his own act of offering such evidence violated his constitutional rights.

Rule 522 d 1 provides that unless requested by the court, it is not necessary to state the grounds of objections to evidence. See *Robert v. State,* 220 Md. 159; compare *Wilt v. Wilt,* 242 Md. 129; *Mulcahy v. State,* 221 Md. 413. But we believe that objection on the nontraditional ground, as here made, was not within the contemplation of the Rule when adopted and that the fair administration of justice requires the defendant specifically to make known to the court the ground of his objection. We hold that it is incumbent upon the defendant, when his objection to evidence of a prior conviction is on the ground that the conviction was constitutionally void to state his reasons to the court to enable it properly to determine the issue. This may be done by him out of the presence of the jury. The court shall then conduct a hearing out of the presence of the jury. At the hearing the State shall first have the burden of producing evidence of a prior conviction, unless admitted by the defendant, sufficient to justify a finding by the court that the defendant has suffered such previous conviction. Code, Art. 35, § 10 provides one method to accomplish

this. When this showing has been made the defendant must produce evidence tending to establish that his constitutional right to counsel was infringed in the prior proceeding at issue. Having already elected to testify, he may assert under oath that he was without counsel in the prior proceeding and did not waive the right to counsel. He is, of course, subject to cross-examination by the State on the point. The burden is then upon the State to prove by clear and convincing evidence that the defendant's constitutional right to counsel was not infringed at the prior proceeding. We observe that if proof of the prior conviction is by a certificate, under the seal of the clerk of the court wherein such proceedings were had, stating the fact of the conviction and for what crime, or by any other admissible record of the proceedings establishing the conviction, and such evidence does not affirmatively show that the defendant was represented by counsel, the conviction is presumptively void. Presuming waiver of counsel from a silent record is impermissible. *Carnley v. Cochran*, 369 U. S. 506. The State then must rebut the presumption, if it can. See *Brown v. State, supra.* Cf. *Thomas v. State, supra; Frazier v. State, supra; Suggs v. State, supra.* The court shall make a finding on the basis of the evidence thus produced and shall exclude from the trial on the merits any prior conviction found to be constitutionally invalid. Any prior conviction found to be constitutionally valid shall be admitted in evidence as going to credibility if relevant to the issue. As the admission of evidence *vel non* is a matter exclusively for the court, in a jury trial, no evidence with respect to the constitutionality of the conviction shall be presented to the jury.

Of course, any objection capable of determination without the trial of the general issue may be raised before trial by motion. Rule 725 b. Thus the defendant may challenge, before trial, the admissibility of any prior convictions, which the State intended to offer if he took the stand, by a motion to exclude them stating the reasons therefor, and have a determination prior to trial, unless

the court orders that it be deferred for determination at the trial of the general issue. Such determination by hearing prior to trial would afford the defendant the opportunity of knowing what prior convictions would be admitted against him and could be of benefit to him in his decision whether or not to testify in the trial on the merits. It would also tend to make for a more orderly procedure at the trial which could proceed without interruption for a determination of such issue.[7] The procedure at a hearing before trial would be the same as that during trial.

## THE EFFECT OF ADMITTING INTO EVIDENCE A PRIOR CONVICTION CONSTITUTIONALLY INVALID

It is error of constitutional dimension for the court to admit into evidence a prior conviction obtained by a proceeding in which the defendant's constitutional right to counsel was infringed. But this is not to say that the error can never be harmless. Although the Court said in *Burgett*: "The admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon v. Wainwright* is inherently prejudicial", it continued, "and we are unable to say that the instructions to disregard it made the constitutional error 'harmless beyond a reasonable doubt' within the meaning of *Chapman v. State of California,* 386 U. S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705." 389 U. S. at 115. We do not construe this language to mean that the error is *per se* prejudicial so as to require reversal; it apparently applied the *Chapman* test in *Burgett* and were unable to say on the facts before it that the error was harmless within the meaning of *Chapman.* It did not foreclose the possibility, as we see it, that in a proper factual situation such error could be

---

7. It may be advisable for The Standing Committee on Rules of Practice and Procedure to consider recommending to the Court of Appeals a rule requiring an accused to challenge the admissibility of evidence of any prior convictions by appropriate motion before trial when the objection to them is on constitutional grounds.

found to be harmless.[8] We think that whether or not the error can be found to be harmless depends on the particular facts of each case. For example, that there were a number of prior convictions properly admitted, or other evidence clearly impeaching the credibility of the defendant would be of probative value in determining whether the admission of invalid convictions was harmless. And perhaps the gravamen of the offense, the conviction of which was erroneously admitted, could be weighed against the gravamina of the offenses, the convictions of which were properly admitted, in determining whether the error was harmless. We note that in *Suggs v. State, supra,* at 236, we recognized that impeaching evidence can have the utmost impact upon the jury in its resolution of close questions of credibility.

## THE INSTANT CASE

Donald James Johnson (appellant) was found guilty by a jury in the Criminal Court of Baltimore of robbery with a deadly weapon.

After the close of evidence offered by the State, appellant took the stand to testify on his own behalf. During cross-examination of him the State questioned him as to prior convictions. The transcript reads as follows:

"Q (by the Assistant State's Attorney) : Mr.

---

8. In *Tucker v. United States, supra,* the United States District Court for the Northern District of California interpreted the language in *Burgett* as follows, 299 F. Supp. at 1379:
"By describing the error as inherently prejudicial, the court may have meant only that such error is always to some extent harmful by reason of its essential character and is therefore different from error in the admission of other unconstitutionally obtained evidence that is not always harmful, such as, for example, innocent responses to an interrogation not preceded by required *Miranda* warnings. (*Miranda v. State of Arizona* (1966) 384 U. S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 [10 A.L.R.3d 974].) In this sense of 'inherently,' used as descriptive of the essential character of the error, commenting on a defendant's failure to testify is also inherently prejudicial. (See *Griffin v. [State of] California* (1965) 380 U. S. 609, 85 S. Ct. 1229, 14 L.Ed.2d 106.) Such error, however, may be found harmless under *Chapman.*"

Johnson, answer yes or no. Have you ever been convicted of a crime?

MR. GARRITY (Defense Counsel): Objection.

THE COURT: Overruled.

MR. GARRITY: Your Honor, based on *Verdict vs. Texas*. (Sic. We think it apparent, as appellant now asserts, that defense counsel said *Burgett v. Texas*).

THE COURT: Overruled.

Q Mr. Johnson, I'll make it more specific. Were you convicted on June the 24th 1964, of larceny of four automobile tires, value $48, an old Oldsmobile radio, value $50, total $98, on June the 23rd, 1964?

A I was, sir.

Q And you were sentenced to six months in the House of Correction?

MR. GARRITY: Objection, Your Honor.

THE COURT: Overruled.

Q Is that correct?

MR. GARRITY: To the prosecutor's comments, Your Honor.

THE COURT: Overruled.

Q Is that correct, sir?

A Yes.

Q Now, on June the 21st, 1956, were you convicted of assaulting and robbing at the point of a pistol one Norman Cornblau of $51 in United States currency, one U. S. Army 45 caliber automatic pistol, Serial No. 135773, valued at $25, a fifth of Seagram's VO whiskey valued at $6.28, total value of $82.28, property of Norman Cornblau, State of Maryland on April 2nd, 1966?

MR. GARRITY: Objection to this whole line of questioning, Your Honor.

THE COURT: Overruled.

Q Were you convicted, sir?

A Yes.

Q And on that same date, were you also convicted of assault by shooting an Officer Francis Miller with intent to kill Officer Francis Miller while he was in the lawful discharge of his duties in Baltimore City?

A I'd like for you to read that over again.

Q Were you convicted of assault by shooting Officer Francis Miller with intent to kill Officer Francis Miller while he being in the lawful discharge of his duties in the State of Maryland?

A I never shot no one in my life.

Q Were you convicted of that offense on the same date as we are talking about, the assault and robbing at pistol point?

MR. GARRITY: Objection, Your Honor. There is no such offense.

THE COURT: Assault and robbing?

MR. GARRITY: Assault with intent to kill. Excuse me, assault with shooting to kill.

MR. HERNDON (Assistant State's Attorney): Well, I said assault by shooting with intent to kill. That is the way I said it.

THE WITNESS: There is no such thing.

MR. GARRITY: There's no such offense, Your Honor.

Q Were you convicted of assault with intent to murder?

A Yes, I was.

Q All right.

A I was going to clarify that. I didn't shoot no one.

Q You didn't shoot nobody?

A No, sir.

Q But you were convicted of that, is that correct?

A Yes. This arrived from the robbery. This was all arriving from the same robbery.

Q As a matter of fact, you pleaded guilty to the robbery itself, the assault and robbing, is that correct?

A I did.

Q And you were given twenty years on that charge, is that correct?

A I was.

Q And you pleaded not guilty to the—

MR. GARRITY: Objection, Your Honor.

THE COURT: Objection to what?

MR. GARRITY: As to the other part of the question. He has answered the question that he was convicted and that's all that's necessary. That's all the rule says he can go into.

THE COURT: The sentence is admissible.

Q Then you were given fifteen years in the assault and murder, is that correct?

A I was, sir."

We find that appellant made timely objection to the prior convictions the State introduced against him. Objection was made when the State first asked appellant if he had ever been convicted of a crime. The objection was summarily overruled. We further find that appellant made known to the court the ground of his objection. Upon the overruling of his first objection he persisted, stating to the court that the objection was based on *Burgett*. He was again summarily overruled. We feel that he placed before the court, insofar as he was afforded the opportunity to do so, that he was invoking the principle of *Burgett*. We cannot say, in the circumstances, that the actions of appellant were not sufficient to lead the court at least to further inquiry.

Appellant did not specifically assert that he was not afforded the assistance of counsel at the prior proceed-

184

ings and there is nothing sufficient to show that he was not. Thus the rule that waiver of the right to counsel may not be presumed from a silent record is not at this point involved since it has not been established that appellant did not have counsel. And in the absence of evidence tending to show that appellant was without counsel the prior convictions are not presumptively void. On the other hand, the State did not adduce evidence proving that the convictions were valid. We said in *Thomas v. State, supra,* at 216 that the mere fact, in the circumstances in that case, that the State did not affirmatively establish that the defendant had counsel at the trial in which the prior convictions were obtained did not constitute grounds for post conviction relief. But in the instant case we feel that because of the summary manner in which the court disposed of his objections, he was not afforded a reasonable opportunity to adduce evidence tending to establish, as hereinbefore set out, that his constitutional right to counsel was infringed at the prior proceedings. Had he been able to do so, then the burden would have been on the State. In short there was nothing before the trial court upon which it could properly determine that the prior convictions were valid and thus admissible. We think the purposes of justice will be advanced by permitting further proceedings in the case. As we find, as set out *infra,* that the other contentions of appellant do not constitute grounds for reversal, we remand the case, without affirming, reversing or modifying the judgment, with direction to the lower court to conduct forthwith an evidentiary hearing on the issue of the validity of the prior convictions, at which the procedure hereinbefore set out shall be followed. Rule 1071. On the evidence adduced at such hearing, the lower court shall determine as to each prior conviction admitted in evidence at the trial on the merits, whether or not it was constitutionally valid. Upon such determination the record will be transmitted to this court.

Of course, if we could find that there was no reasonable possibility that the prior convictions, even though

admitted in error, might have contributed to appellant's conviction, *Fahy v. Connecticut*, 375 U. S. 85, 86-87, we could declare a belief that the error in admitting them was harmless beyond a reasonable doubt, *Chapman v. State of California, supra,* at 24, and further proceedings would not be necessary. But on the record before us we are unable to so find. One of the convictions introduced was for robbery with a deadly weapon, the same offense for which appellant was on trial. Another was for assault with intent to murder. Another was grand larceny. None of the convictions introduced were shown to be constitutionally valid. It was adduced that appellant pleaded guilty to the robbery with a deadly weapon and assault with intent to murder, receiving a sentence of 20 years on the first and 15 years on the second. He was entitled to counsel although the conviction was obtained by a plea of guilty. See *Hamilton v. State of Alabama,* 368 U. S. 52; *White v. State of Maryland,* 373 U. S. 59; *Wayne v. State,* 4 Md. App. 424.[9]

---

**9.** Our discussion of the application of *Burgett* principle to the introduction of prior convictions to impeach a defendant-witness leaves open the following matters as not necessary to our decision:
   (a) the retroactivity *vel non* of *Burgett.*
   (b) the application of the *Burgett* principle to impeachment by evidence of prior convictions of witnesses other than a defendant. For example, an attempt by the State to so impeach a witness, other than the defendant, testifying in his behalf or an attempt by the defendant to so impeach a witness testifying on behalf of the State.
   (c) the application of the *Burgett* principle to evidence of prior convictions introduced not for the impeachment of credibility of the defendant but to show motive, intent, absence of mistake or accident, a common scheme or identity. See *Fowler v. State,* 7 Md. App. 264, 267. We call attention, without implying approval or disapproval, to *People v. Coffey,* 430 P. 2d 15 (California 1967), which although decided prior to *Burgett* anticipated *Burgett's* principle. That court said, at 24:
   "It would seem, however, that the latter evidence [introduced to show motive] would be properly admissible even if the prior conviction were constitutionally invalid, for the validity or invalidity of the judgment of conviction is not relevant to the question of defendant's attitudes and motives at the time of the incident for which he was on trial in California."

## OTHER QUESTIONS PRESENTED

Appellant contends that the trial court erred:

I  in admitting certain tangible evidence;

II  in its instructions to the jury with respect to:

(a)  the prior convictions;

(b)  evidence tending to show his criminal agency.

### I

The robbery charged was that of Louise E. Miller, the desk clerk at the Albion Hotel. She testified that the robber stole some $232 and a piece of paper from the hotel cash drawer. "[W]hen we pay guests for money they lose in the various machines we put a notation to that effect and there was a slip of paper stating News American or News Post owes drawer 10 cents." She telephoned the police immediately after the robbery. Responding to the call Officer John Hess, one block from the hotel, observed a colored male enter a 1963 Ford. The car pulled out into the traffic lane and stopped for a traffic signal. "And I observed the driver was looking at us and he said something to an unidentified female who was with him; at this point the female slid to the floor." The light turned green and the car went on its way. Hess made a notation of the license number, GY 5009. He went to the hotel and received a description of the robber from Mrs. Miller. He testified in detail as to the description given him. It matched the description of the man he had observed in the Ford. He obtained a listing over the police radio from the Department of Motor Vehicles as to Maryland license GY 5009. The car was listed to Donald Johnson, home address 702 East 23rd Street. He went immediately to that address. The car was not in the neighborhood so the house was placed under observation. The information in his possession was placed over the police radio. Hess was called back to police headquarters and departed the scene after arranging for a stake-out detail. Hess received a call from the detail that a 1963 Ford, Maryland license GY 5009 was observed sitting alongside of 702 East 23rd

Street. Officer William Nelson was a member of the detail. He testified that he saw the car. "I checked the automobile and shined my flashlight through the window and at this time I observed a piece of paper laying on the front seat * * * that stated that News American owes us ten cents. * * * I read it." He said he could read it just by shining his flashlight on it and read it before he took it out of the automobile. Nelson said he had been at the scene of the robbery when Mrs. Miller gave information to the police about it. He seized the piece of paper as evidence "because it might have been taken * * * during the hold-up." The paper was identified as that stolen from the cash drawer. It was admitted over objection.

At the time of the seizure of the paper from the automobile appellant had shortly before been arrested in his apartment at 702 E. 23rd Street. Appellant claims the seizure was unreasonable as not incident to his arrest.

The right to search an automobile and the validity of a seizure therefrom are not necessarily dependent upon an arrest or a search warrant. It is well settled that an automobile, unlike a dwelling or person, may be searched without a warrant where there is probable cause to believe that the auto harbors the instrumentality of a crime or evidence pertaining to a crime. Here the observations of Hess while responding to the call reporting the robbery and the information thereafter received by the police directly connected the automobile both with the robbery and the robber. Those facts and circumstances together with the circumstances under which the automobile was next observed by the police furnished probable cause for Nelson, as a member of the police team, to search the automobile regardless of what he saw in the automobile before the search. See *Sutton v. State,* 8 Md. App. 285; *Johnson v. State,* 8 Md. App. 28. And even if not, what he observed in the car before the search came legally into his knowledge, and this, with the other information he had, furnished probable cause to search the automobile in any event. *Sweeting v. State,* 5 Md. App. 623. We hold that there was no error in the admission of the challenged evidence.

## II

### (a)

The record contains a document entitled "Defendant's Requests for Instructions" and bears a notation by the trial court that "the above request for instructions was submitted to the Court at the conclusion of the Court's advisory charge to the jury." One of the instructions therein requested read: "Evidence of prior criminal convictions of the Defendant is not to be considered by you as indicating the guilt or probability of guilt of the Defendant." Appellant claims error in that the court's charge did not include the instruction as requested.

The court's charge did include the following:

> "In weighing the evidence, I advise you that under the Maryland law, you may consider the evidence of the defendant's prior criminal record for the limited purpose of reflecting upon the reliability of his testimony. The Maryland courts have allowed evidence of a defendant's prior criminal record to be introduced into evidence when he assumes the witness stand, not as any evidence as to his guilt or innocence, because you judge his guilt or innocence upon the evidence and not upon his prior record. But our courts have held that you may consider the defendant's prior record in weighing the truthfulness and reliability of his testimony, upon the theory that a person with a prior criminal record may be less apt to tell the truth than a person who does not have a prior criminal record. I advise you that this is a correct statement of the applicable Maryland law."

Rule 756 b includes the provision: "The court need not grant any requested instruction if the matter is fairly covered by the instructions actually given." Here the instructions actually given fairly covered the requested instruction. See *Nance v. State,* 7 Md. App. 433. We find no error.

## (b)

Appellant also requested an instruction as follows:

"If you find that the viewing of Defendant's photograph, the Defendant in a line-up, the Defendant at a preliminary hearing, taken together or separately, was so unnecessarily suggestive and conducive to irreparable mistaken identification, then you should find the Defendant not guilty."

He claims refusal of this instruction was error.

Appellant filed no pretrial motion to suppress or exclude evidence of identification but before the jury was impaneled made a verbal motion to suppress such evidence. An evidentiary hearing was conducted out of the presence of the jury at which the State adduced testimony. Appellant offered no evidence and made no argument. The motion was denied.

At the trial on the general issue the victim made a positive identification of appellant as the robber. The State also adduced testimony from her that she had identified appellant at a pretrial viewing of photographs and at a line-up. Appellant does not now contest the admissibility of this evidence and its admissibility was a matter for the court exclusively. *Smith and Samuels v. State,* 6 Md. App. 59, 69.[10] What appellant brought out at the trial on the merits by cross-examination of the State's witnesses and by evidence adduced by him as to the facts and circumstances surrounding the identifications went to their weight and the credibility of the identifying witnesses.

In its charge the court fully explained the burden of proof, that it was the jury's duty to weigh the evidence in reaching its verdict based upon the evidence, and that it should consider "the reliability or truthfulness" of the witnesses' testimony—"the impression they made on you

---

10. We set out the rules as to the admission of identification evidence and the procedure to be followed upon challenge of it in *Smith and Samuels,* discussed the subject in *Miller v. State,* 7 Md. App. 344 and summarized it in *Dorsey v. State,* 9 Md. App. 80 (1970).

as being truthful or untruthful in their testimony." Specifically as to the identification evidence it said, "Identification in Court by any witness has been held in many cases by the appellate courts to be sufficient, although the weight and reliability of the evidence is entirely within your judgment and discretion."

We find no error in the refusal of the instruction as requested. Rule 756 b.

> *Without affirming, reversing or modifying the judgment, the case is remanded for further proceedings in accordance with this opinion; mandate to issue forthwith.*