## BARRY WAYNE SORRELL *v.* DIRECTOR, PATUXENT INSTITUTION

[App. No. 219, September Term, 1970.]

*Decided July 30, 1971.*

Before MURPHY, C. J., and ORTH and THOMPSON, JJ.

MURPHY, C. J., delivered the opinion of the Court.

On December 10, 1970 applicant Barry Wayne Sorrell was adjudged a defective delinquent by a jury under Section 5 of Article 31B of the Maryland Code which provides:

> "* * * a defective delinquent shall be defined as an individual who, by the demonstration of persistent aggravated antisocial or criminal behavior, evidences a propensity toward criminal activity, and who is found to have either such intellectual deficiency or emotional unbalance, or both, as to clearly demonstrate an actual danger to society so as to require such confine-

ment and treatment, when appropriate, as may make it reasonably safe for society to terminate the confinement and treatment."

At the trial the State undertook to prove Sorrell's persistent aggravated antisocial or criminal behavior by introducing evidence of his prior criminal behavior and by the testimony of Dr. Kelman, the staff psychiatrist at Patuxent Institution under whose care he had been placed. The State established that Sorrell had a juvenile record and in particular that in 1964 he was charged by juvenile petition with assault with intent to murder. It showed that, as an adult, Sorrell was convicted of assault with intent to rape two young girls. Dr. Kelman testified that Sorrell met the definition of a defective delinquent.

The basis of Sorrell's defense was that for a five-year period, between his 1964 juvenile offense and his 1969 assault conviction, he had functioned in society with no manifestation of serious antisocial conduct; and that since his confinement in Patuxent for diagnostic evaluation, he had been in no trouble evidencing such behavior. On cross-examination, the State's expert witness, Dr. Kelman, stated in effect that while there was nothing in the records of Patuxent or within his personal knowledge to show that Sorrell had struck anyone or stole anything during his confinement period of approximately one year, he "would bet," based on his psychiatric expertise, that he had done so. Sorrell moved for a mistrial or in the alternative for an instruction to the jury to disregard Dr. Kelman's "speculation." The court denied both motions; it believed that the jury was entitled to consider Dr. Kelman's testimony in determining whether Sorrell was a defective delinquent.

Sorrell now claims, as he did at the trial below, that Dr. Kelman's "speculations" were severely prejudicial and, in the absence of a curative jury instruction, constituted reversible error. We agree. As indicated, the entire thrust of Sorrell's defense was that he was not *per-*

*sistently* antisocial within the meaning of the statute and particularly committed no antisocial acts in the year he had been at Patuxent awaiting trial. Sorrell's expert psychiatric witness, Dr. McCormack, testified at length, reciting his reasons for concluding that Sorrell was not a defective delinquent. Under the circumstances and bearing in mind that essentially the case boiled down to which of two experts the jury would believe, we think the court's refusal to instruct the jury to disregard Dr. Kelman's prejudicial speculation constituted reversible error requiring the award of a new trial on the question whether Sorrell is a defective delinquent.[1]

> *Application for leave to appeal granted; judgment that applicant is a defective delinquent reversed; case remanded for a new trial.*

---

1. We find no merit in Sorrell's contention that the Patuxent medical records were inadmissible in evidence unless and until the State affirmatively showed that convictions referred to within those reports were secured in accordance with *Burgett v. Texas*, 389 U. S. 109, as discussed in *Johnson v. State*, 9 Md. App. 166. The *Burgett* exclusionary rule applies only to criminal guilt (and enhanced punishment) adjudication. A defective delinquency proceeding is a civil proceeding not directed at either of these ends; consequently, the *Burgett* rationale is without application.