CHARLES MITCHELL CARTER A/K/A CHARLES
RICHARD CARTER A/K/A CHARLES LEE CARTER
*v.* STATE OF MARYLAND

[No. 557, September Term, 1971.]

*Decided April 24, 1972.*

The cause was argued before ANDERSON, MORTON and ORTH, JJ.

*Weldon Leroy Maddox* for appellant.

*Josef E. Rosenblatt, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Barbara G. Daly, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

The appellant, Charles Mitchell Carter, was charged under Indictment #7752 with robbery with a deadly weapon (first count) and with carrying a concealed weapon under Indictment #7754 (first count). On May 19 and 20, 1971, the appellant was tried in the Criminal Court of Baltimore before a jury, Judge Anselm Sodaro presiding, and was found guilty under the first count of each indictment. The appellant was sentenced to a term of imprisonment by Judge Sodaro on May 20, 1971. However, on June 24, 1971, the original commitment papers were changed by the trial judge. The actual sentences imposed will be discussed in some detail below.

On appeal the appellant, through his counsel, makes the following contentions:

1) The appellant was placed in double jeopardy by the action of the trial court in causing his original commitment papers to be changed.

2) The appellant was denied his right to a speedy trial.

3) The trial court erred in refusing to dismiss the indictments in violation of Md. Code, Art. 27, § 616S.

4) The trial court erred in refusing to dismiss the indictments in violation of Md. Code, Art. 27, § 591.

5) The evidence adduced was insufficient to support the convictions.

6) The appellant's conviction for carrying a concealed weapon merges with his conviction for armed robbery.

7) The trial court erred in failing to instruct the jury as to the elements of the crime of carrying a concealed weapon.

8) The trial court erred in admitting into evidence a ten dollar bill taken from the appellant.

In addition, the appellant has submitted, *pro se,* thirteen numbered contentions for our consideration.

At trial, the testimony of the complainant, Emanuel Abramowitz, was essentially as follows: On the night of October 18, 1969, he was on his way home from a Drug Fair store at Baltimore and Charles Streets where he was employed as a pharmacist. When he reached Pratt and Hanover Streets he was accosted by three black men who demanded all of his money. On producing his wallet, he was beaten with a silver pistol by one of the trio, strangled from the rear by a second man, and beaten with the fists of the third man. Approximately $45.00 was taken. The beating ceased when Abramowitz broke away from his assailants and sought help from two police officers who were the only other people on the street.

The testimony of the two policemen, Officers Robert W. Foltz and John Lewis, was essentially that as they pulled their unmarked police car up to a red light at Pratt and Hanover Streets, they saw three black men struggling with a white man. The white man, later identified as Abramowitz, broke away from the three black men and told the officers that he had been beaten and robbed. The officers testified that the three black men were the only other people on the street and that they were never out of their view. The officers then drove up to the trio, identified themselves as police officers, ordered one of the men to drop a gun he was carrying, placed the trio under arrest and ordered them to place their hands up against the wall. At this point the trio was frisked and Officer Lewis recovered a .44 caliber revolver from the right rear pants pocket of the appellant. The appellant was then taken to the Southern District Police Station

where Officer Lewis removed a bloodstained ten dollar bill from the left front pants pocket of the appellant. The appellant presented no evidence following the completion of the State's case.

We will not consider the appellant's contentions in the order in which they were raised. We feel that his first contention, that he was placed in double jeopardy by the action of the trial court in changing his original commitment papers, has the most merit. Therefore we will consider this contention in the latter part of this opinion.

# I

The appellant contends that since he was arrested on October 18, 1969, and was not tried until May 19, 1971, he was denied his right to a speedy trial. We find no merit in this contention. A review of the record reveals that the appellant was principally responsible in bringing about the delay of nineteen months by discharging, each time the case came up for trial, the three lawyers who were respectively appointed to represent him. Under the circumstances we find that the appellant's conduct constituted a waiver of his right to a speedy trial. *State v. Lawless*, 13 Md. App. 220, 228 n. 8, and cases cited therein. Further, the appellant does not show that he was prejudiced by the nineteen month delay, nor does he indicate in what manner the delay was caused by the purposeful or oppressive action of the State. *State v. Lawless, supra,* at 238-243.

# II

The appellant contends that under the provisions of Md. Code, Art. 27, § 616S, he must be set free because he was not tried within 120 days after the prison authorities received a detainer against him and he requested a final disposition of his case. However, according to the testimony of Gloria Herndon, the custodian of records of the Maryland Penitentiary, where the appellant was held from October 19, 1969, until his trial, no detainers concerning the appellant were received, nor was any notice

of a detainer received. As we construe Art. 27, § 616S, the Act becomes operative only when the warden of the institution in which the prisoner is being held receives knowledge of an indictment pending against the prisoner by notice to the warden of a detainer received by the Department of Correction. *King v. State,* 5 Md. App. 652, 661-663. In the instant case since no notice of a detainer was received by the warden of the Maryland Penitentiary, the Act is inoperative.

### III

Maryland Code, Art. 27, § 591 establishes a time limit within which a defendant is to be brought to trial. Postponements are allowed only for extraordinary cause shown by the moving party. However the Act took effect July 1, 1971, and the appellant was tried on May 19 and 20, 1971. Therefore, in the instant case, the Act relied upon by the appellant is inapposite.

### IV

The appellant challenges the sufficiency of the evidence adduced to support his convictions for robbery with a deadly weapon and carrying a concealed weapon. In determining whether the evidence was sufficient to support the convictions, the test, in a jury trial, is whether the evidence either shows directly or supports a rational inference of the facts to be proved, from which the trier of facts could be fairly convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged. *Williams and McClelland v. State,* 5 Md. App. 450, 459. Further, the weight of the evidence and the credibility of the witnesses are matters for the jury. *Williams and McClelland, supra,* at 467. The State established that the appellant was one of three men who beat Abramowitz with a gun and robbed him of approximately $45.00. We hold that the evidence adduced supports a finding of robbery with a dangerous and deadly weapon. *Phenious v. State,* 11 Md. App. 385; *Brown v. State,* 4 Md. App. 612.

The State also established that when the appellant was searched a .44 caliber revolver was recovered from the

appellant's right rear pants pocket. In *Shipley v. State,* 243 Md. 262, the Court of Appeals said at 269:

> "* * * [A] weapon is concealed if it is so situated as not to be discernible by ordinary observation by those near enough to see it if it were not concealed who would come into contact with the possessor in the usual associations of life, but absolute invisibility is not required; since ordinary observation does not extend to a search unusually careful, thorough or detailed, made because of suspicion that contraband which is not visible by ordinary observation may in actuality be present."

On the record before us it appears clear that the pistol was not discernible by ordinary observation; indeed, it was found only after a search of the appellant's person was made by the police officer. The evidence was sufficient to support the jury's finding of carrying a concealed weapon.

## V

The appellant argues that his conviction for carrying a concealed weapon should merge with his conviction for armed robbery. Since this issue was not raised below, it is not properly before us now. Md. Rule 1085; *Alston v. State,* 11 Md. App. 624, 630.

## VI

The appellant contends that the trial court erred in failing to instruct the jury as to the elements of the crime of carrying a concealed weapon. However, it has long been settled in Maryland that the trial court, in a criminal case, is obliged to give advisory instructions on every point of law essential to the crime charged and supported by the evidence only where a request for such instructions is made. Md. Rule 756 a and f; *Wilson v. State,* 239 Md. 245; *Giles v. State,* 229 Md. 370. Here no request for instructions was made and no objection made to the instructions given. The appellant further contends, how-

ever, that this Court, under Md. Rule 756 g, should "take cognizance of and correct any plain error in the instructions, material to the rights of the accused even though such error was not objected to * * *." We do not know why no request for instructions was made nor why no objection was taken to the instructions given. In any case we find that the trial court's failure to give the jury advisory instructions as to the less serious of the two crimes for which the appellant was convicted was not error "material to the rights of the accused" within the meaning of the quoted portion of Rule 756 g. See *Brown v. State*, 14 Md. App. 415. Therefore, since the appellant did not object below nor request an instruction, there is nothing for this Court to review on appeal.

## VII

The appellant contends that the trial court erred in admitting into evidence a ten dollar bill taken from the appellant. We have on numerous occasions stated that evidence need not be positively connected with the accused or the crime committed to be admissible; it is admissible when there is a probability of its connection with the accused or the crime. *Hebb v. State*, 10 Md. App. 145, 150-151; *Parker v. State*, 7 Md. App. 167, 189. Such a probability existed in the instant case. The testimony indicated that fresh blood was found on the bill and that it was seized from the appellant following the bloody robbery of Abramowitz. The appellant was identified by three witnesses as one of the criminal agents in the armed robbery. The ten dollar bill was therefore properly admitted into evidence.

## VIII

The appellant sent a letter dated January 11, 1972, to Weldon Maddox, his attorney, in which he stated that he wanted certain contentions raised before this Court. A copy of this letter has been included in the appellant's brief. The appellant cites thirteen numbered contentions. Some of these contentions have already been discussed. Others have not been raised below and are therefore not

properly before this Court. Md. Rule 1085. The remaining contentions amount to mere bald allegations that the appellant was, for various reasons, denied a fair trial and therefore due process of law; however, these allegations are unsupported by the record. We find no merit in the appellant's *pro se* contentions.

## IX

The appellant contends that the trial court placed him in double jeopardy when, on June 24, 1971, it caused new commitment papers to be issued. The trial court originally sentenced the appellant on May 20, 1971. After inquiring into the date of the appellant's arrest in the instant case, and stating that credit was to be given for the time the appellant spent in prison awaiting trial, the trial court pronounced sentence as follows:

> "The sentence is a term of 20 years imprisonment to the jurisdiction of the Department of Correctional Services commencing from the 18th of October, 1969. This is with respect to indictment 7752. And in indictment 7754 the sentence is a term of 3 years imprisonment under the jurisdiction of the Department of Correctional Services commencing from October 18th, 1969, that sentence to run concurrent with the 20 years in 7752 and this sentence is to commence after the termination of the present sentence that you're now serving."

It is clear from the above and from an affidavit of Judge Sodaro, which has been included as a part of the record in this case, that the intention of Judge Sodaro in imposing sentence in the instant case was as follows: The appellant was to be given credit, in both indictments, for the period he spent in prison awaiting trial, *i.e.*, October 18, 1969, to May 20, 1971, a period of eighteen (18) months and two (2) days. The twenty (20) year sentence in Indictment #7752 and the three (3) year sentence in Indictment #7754 were to run concur-

rently with each other. However, these concurrent sentences were to run consecutively with the sentence that the appellant was presently serving. When the appellant had completed the sentence he was presently serving, he would be left with a total sentence of eighteen (18) years, five (5) months, and twenty-eight (28) days. This is because the trial judge had given the appellant credit for the eighteen (18) months and two (2) days that he had spent in prison awaiting trial in the instant case.

In his affidavit, Judge Sodaro said that because of error on the part of the court clerk, the original commitment papers of May 20, 1971, incorrectly reflected the sentence imposed on the appellant and therefore Judge Sodaro said that he caused new commitment papers to be issued on June 24, 1971, to correctly reflect the sentences imposed on May 20, 1971. However, upon reviewing the original commitment papers we find that the only inaccuracy contained was that the appellant was given credit from October 21, 1969, rather than from October 18, 1969.[1] The State contends that the new commitment papers of June 24, 1971, constituted merely a correction of a clerical error which the trial court was empowered to do under Md. Rule 765. We disagree. A review of the corrected commitment papers reveals that the net result of the correction was to increase the sentences of May 20, 1971, by disallowing the appellant the credit that the sentencing judge originally intended to give him.[2] See *Costello v. State,* 240 Md. 164, 167.

---

1. The original commitment papers of May 20, 1971, read: "Judgement:—That the prisoner be committed to the jurisdiction of the Department of Correctional Services to serve a sentence of 7752 20 (twenty) years and 7754 three (3) years dating from 10/21/69 To run concurrently. To commence at the expiration of sentence now serving."

2. The corrected commitment papers of June 24, 1971, read: "24 June 71 Sentence Imposed on 5/20/71 corrected to read as follows: Judgement:—That the prisoner be committed to the jurisdiction of the Department of Correctional Services to serve a sentence of Ind. 7752 Twenty (20) years to run consecutively with violation of parole. Ind. 7754 three (3) years to run concurrently with Ind. 7752. The sentences of Ind.'s 7752 & 7754 to commence at the expiration of sentence now serving."

Maryland Rule 764 b 1 gives the trial court revisory power, for a period of ninety (90) days after the imposition of a sentence, to modify or reduce a sentence. However, the rule specifically states that the trial court shall not increase the length of a sentence.

Because the action of the trial court on June 24, 1971, constituted a net increase in the appellant's sentences, we hold that it was violative of the rule; therefore, the sentences imposed on May 20, 1971, as we have interpreted them, must be reinstated.

> *Judgments affirmed except as to the sentences; sentences vacated; case remanded for imposition of sentence in accordance with this opinion.*