ELWOOD TOWERS, JR. A/K/A Elmore Emanuel
Towers, Jr. *v.* DIRECTOR, PATUXENT
INSTITUTION

[App. No. 116, September Term, 1972.]

*Decided January 29, 1973.*

Before ORTH, C. J., and POWERS and GILBERT, JJ.

*John F. Fader, II,* for applicant.

*Francis B. Burch, Attorney General* and *J. Owen Wise, State's Attorney for Caroline County,* for respondent.

ORTH, C. J., delivered the opinion of the Court.

ELWOOD TOWERS, JR., also known as Elmore Emanuel Towers, Jr., applies for leave to appeal from an order of 2 November 1972 of Clark, J., entered in the Circuit Court for Caroline County, denying relief sought under post conviction procedures. As to all reasons stated for reversing the order, Maryland Rule BK46 b, except the reason discussed in paragraph (e) of the memorandum opinion accompanying the order, the application is denied. As to those reasons with regard to which the application is denied, the denial is on the bases set out in the memorandum opinion, except as to paragraph (a) thereof. Paragraph (a) discusses the claim that Towers was not provided, at public expense, and examined by, a private psychiatrist of his own choosing before being sent to Patuxent for evaluation. This claim does not go to the validity of the conviction or sentence collaterally attacked here and was not properly before the court in this proceeding. It therefore provides no basis for relief. Code, Art. 27, § 645A (a) ; *Creswell v. Director,* 2 Md. App. 142, 144-145; *Knox v. Director,* 1 Md. App. 678, 680.

Paragraph (e) of the memorandum opinion deals with the allegation that Towers "was without the assistance of counsel at previous trials when he was convicted and sentenced to prison and, therefore, it was reversible error for Judge Turner [the judge presiding at the trial resulting in the conviction and sentence here attacked] to consider his criminal record in determining what sentence to give him." The opinion states:

> "Whether this is true or not, the fact is that Towers requested a pre-sentence investigation prior to being sentenced and it has always been the law in this State that the judge is not bound by the rules of evidence in receiving information for the purpose of assisting him in arriving at an appropriate sentence. The petitioner cites *Burgett v. Texas,* 389 U. S. 109 in support of this contention. We have read this case and found it completely inapposite to the case at bar."

The opinion then sets out the facts and holdings of *Burgett* as the judge construed them and his conclusion:

> "We cannot and do not read into this decision any intent on the part of the United States Supreme Court to proscribe a trial judge from considering previous convictions *in the sentencing process,* even though the defendant may not have been represented by counsel and may not have voluntarily waived his right to such representation, at those trials that resulted in his previous convictions. Therefore, we find this contention to be without merit."

The Supreme Court held clearly to the contrary in *United States v. Tucker,* 404 U. S. 443, decided 11 January 1972. See *Gatewood v. State,* 15 Md. App. 450, 461-462.

It is surely true that a trial judge in this State, as in the federal system, "generally has wide discretion in

determining what sentence to impose. It is also true that before making that determination, a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Tucker, supra,* at 446, and cases there cited; *Bryson v. State,* 7 Md. App. 353, 355; *Washington v. State,* 2 Md. App. 633, 634; *Gee v. State,* 2 Md. App. 61, 68. See Maryland Rule 761. Further, a sentence, if within statutory limits, is generally not subject to appellate review. *Gore v. United States,* 357 U. S. 386, 393; *Mahoney v. State,* 13 Md. App. 105, 112; *Johnson v. State,* 9 Md. App. 37, 40. These general propositions, however, do not permit a sentencing judge to impose a sentence founded at least in part upon a past criminal record which was untrue. *Townsend v. Burke,* 334 U. S. 736, 741. Although a judge may impose a sentence in his informed discretion, a sentence predicated to some extent upon misinformation of constitutional magnitude is improper. *Tucker* flatly holds that information imparted to a judge that a person standing convicted before him had been previously convicted of a crime, when in fact that prior conviction was wholly unconstitutional under *Gideon v. Wainwright,* 372 U. S. 335 is misinformation of constitutional magnitude. "The *Gideon* case established an unequivocal rule 'making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one.' " [1] *Tucker,* at 449, quoting *Burgett v. Texas,* 389 U. S. 109, 114. In *Duncan v. Louisiana,* 391 U. S. 145, it was held that defendants tried in state courts were entitled to a trial by jury on all but petty offenses, defined as those crimes punishable by no more than six months in prison and a $500 fine. At 159 and 161. Maryland, as did other states, followed the line marked out in *Duncan* as respects the trial by jury to establish also the right to court-appointed counsel. *Man-*

---

1. The impact of *Gideon* was fully retroactive. *Pickelsimer v. Wainwright,* 375 U. S. 2. We think *Tucker* is also to be applied retroactively.

*ning v. State,* 237 Md. 349, 353; *Johnson v. State,* 9 Md. App. 166, 174; *Wayne v. State,* 4 Md. App. 424, 428; Rule 719 b 2. In *Argersinger v. Hamlin,* 407 U. S. 25, decided 12 June 1972, the Supreme Court determined that this was constitutionally proscribed, and extended the *Gideon* holding. It said that the sixth amendment right to the assistance of counsel is not governed by the classification of the offense or by whether or not a jury trial is required. It held, at 37: "[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." In *Burgett* the Court said, at 115: "To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense (see *Greer v. Beto,* 384 U. S. 269) is to erode the principle of that case." It is clear that with respect to the imposition of sentence, *Tucker* applies the exclusion rule of *Burgett* to the consideration of prior convictions so unconstitutionally obtained.

The Supreme Court in *Burgett,* at 113-114, observing that it does not sit as a court of criminal appeals to review state cases, said: "The States are free to provide such procedures as they choose,. including rules of evidence, provided that none of them infringes a guarantee in the Federal Constitution." Our rules of procedure relating to objection to rulings of the trial court, Rule 522, made applicable to criminal causes by Rule 725 f, do not infringe a federal constitutional guarantee; neither *Burgett* nor *Tucker* disturb the procedural requirements of Rule 522. Rule 522 d 2 provides: "Every objection to the admissibility of evidence shall be made at the time when such evidence is offered, or as soon thereafter as the objection to its admissibility shall have become apparent, otherwise the objection shall be treated as waived." We think the rule is as equally applicable to the penalty stage of the trial as to the guilt stage. If

timely objection is not made below to the consideration by the sentencing judge of a prior conviction, the question of its propriety is not preserved for appeal. Rule 1085. We point out that Rule 522 d 1 provides that unless requested by the court it is not necessary to state the grounds of objection. See *Bailey v. State,* 263 Md. 424: *Turner v. State,* 5 Md. App. 584; Rule 761.

We grant the application for appeal only with respect to the contention concerning the consideration of Towers's prior record in the imposition of sentence. We remand for further proceedings as to that issue. The court below shall determine whether the sentencing judge gave consideration to Towers's previous convictions before imposing sentence upon him. If so, it shall then determine whether timely objection was made at the penalty stage to any consideration of the previous convictions and, if so, whether the sentencing judge requested and received the grounds of objection. If objection was made without reason therefore requested, or for the reason that a prior conviction was obtained without the assistance of counsel representing Towers, the burden shall be upon the State to establish that the conviction was not obtained in violation of the principle of *Gideon v. Wainwright, supra.* If the State fails to meet this burden, the hearing court shall determine whether the sentence might have been different if the sentencing judge had known that any conviction considered by him had been unconstitutionally obtained. If it determines that the sentence might have been different, or in other words, that there was a reasonable probability that the defective prior convictions may have led the trial court to impose a heavier prison sentence than it otherwise would have imposed, the sentence must be vacated. The case shall then be remanded to the trial court for reconsideration of the sentence. To put it conversely, for the sentence imposed to stand, the hearing court must find that any consideration of the defective convictions was harmless beyond a reasonable doubt. See *Chapman v. California,* 386 U. S. 18. In any

event, the conviction, as distinguished from the sentence, remains valid.[2]

> *Application d e n i e d except with respect to the issue of the trial court's consideration of applicant's previous convictions in imposing sentence, as to which application is granted; case remanded for further proceedings pursuant to this opinion.*
>
> *Mandate to issue forthwith.*

---

2. As we construe *Tucker* we do not believe that it proscribes the invocation of the harmless error doctrine as enunciated in *Chapman*. The Government argued that "in view of other detrimental information about the respondent possessed at the time of sentencing by the trial judge, it is highly unlikely that a different sentence would have been imposed even if the judge had known that two of the respondent's previous convictions were constitutionally invalid." 404 U. S. at 446. The Court of Appeals for the Ninth Circuit had found "a reasonable probability that the defective prior convictions may have led the trial court to impose a heavier prison sentence than it otherwise would have imposed." *Idem.* The Supreme Court couched the question as whether the sentence might have been different if the sentencing judge had known that at least two of the previous convictions had been unconstitutionally obtained and agreed with the Court of Appeals that the answer in the circumstances before it must be "yes." It said, at 448:

> "For if the trial judge in 1953 had been aware of the constitutional infirmity of two of the previous convictions, the factual circumstances of the respondent's background would have appeared in a dramatically different light at the sentencing proceeding. Instead of confronting a defendant who had been legally convicted of three previous felonies, the judge would then have been dealing with a man who, beginning at age 17, had been unconstitutionally imprisoned for more than ten years, including five and one-half years on a chain gang. We cannot agree with the Government that a re-evaluation of the respondent's sentence by the District Court even at this late date will be either 'artificial' or 'unrealistic.'"

We note that in *Johnson v. State*, 9 Md. App. 166, recognizing that it is an error of constitutional dimension for the court to admit into evidence a prior conviction obtained by a proceeding in which the defendant's constitutional right to counsel was infringed, we thought that *Burgett* did not foreclose the possibility that in a proper factual situation such error could be found to be harmless. At 179-180 and note 8 at 180. In *Johnson v. State*, 9 Md. App. 436, we applied the harmless error doctrine to uphold the judgment.