NEELY ALFRED MOORE *v.* STATE OF MARYLAND

[No. 412, September Term, 1972.]

*Decided February 26, 1973.*

---

238

The cause was argued before ORTH, C. J., and POWERS and DAVIDSON, JJ.

*James R. Miller* for appellant.

*David B. Allen, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and

*William T. Wood, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

ORTH, C. J., delivered the opinion of the Court.

On 20 April 1972 NEELY ALFRED MOORE pleaded guilty in the Circuit Court for Frederick County to the kidnapping of Robin Lee Harris as charged in the first count of indictment #12441 returned by the Grand Jurors for Montgomery County.[1] The plea was accepted and a verdict of guilty entered. On 8 June a sentence of 15 years was imposed. He appealed.

Moore does not question his conviction. He claims, however, that in the penalty stage of the trial "the lower court erred in considering [his] prior criminal record on the question of punishment when the proffered record of the prior convictions did not affirmatively show that [he] had counsel at the time of any of the prior convictions, and without holding a hearing to determine whether or not the prior convictions were unconstitutionally obtained because of the absence of representation by counsel, or a valid waiver thereof."

On 10 May 1972, in the interim between the guilt stage and the penalty stage of the trial, Moore's counsel wrote the trial judge, with a copy to the State's Attorney, requesting that a "purported F.B.I. record" on Moore not be attached to a pre-sentence investigation report. He explained:

> "This purported record does not affirmatively show that Neely A. Moore was at any time represented by counsel. The purported record therefore does not seem to me to be admissible in any manner to enhance the punishment for the current offense as set forth in *Johnson v. State,* 9 Md. App. 166, 263 A. 2d 232.

---

1. The case was removed for trial from Montgomery County to Frederick County upon suggestion and affidavit of Moore. The indictment contained ten counts and upon the acceptance of the plea of guilty a nolle prosequi as to each of the last nine counts was entered on the motion by the State.

> "It does not therefore seem to me that it should be attached to the pre-sentence investigation report at least unless a prior hearing is held to determine its admissibility at this time."

The attorney offered to discuss the matter with the Judge and the State's Attorney.

On 17 May the State wrote the trial judge in reply. The import of the letter was that *Johnson,* relying on *Burgett v. Texas,* 389 U. S. 109, dealt only with prior convictions in the frame of reference of impeaching credibility and applied only at the trial stage with no applicability to the sentencing stage. The State also asserted that even if the *Burgett* principle were applicable to the sentencing stage, *Johnson* requires that the defendant "assert under oath that he was without the assistance of counsel in the prior proceedings and did not waive the right to counsel before it becomes the burden of the State to prove that the defendant's constitutional right to counsel was not infringed at the prior proceedings." In any event, the State claimed, *Jordan v. State,* 5 Md. App. 520, was dispositive of the question in that it encourages the trial court to consider past offenses before imposing sentence. The State assured the court, however, that it would "be prepared at the sentencing with information on the presence of counsel at any conviction which may appear from the defendant's F.B.I. record, should the court wish to be advised."

It is readily apparent from the transcript of the sentencing proceedings on 8 June 1972 that the request of defense counsel was not granted. In his remarks to the court regarding sentence, Moore's counsel referred to his request that the court "not consider any of [Moore's] record in the absence of proof that he had counsel in any of these prior convictions." He asserted that "the F.B.I. record certainly does not affirmatively show that." But he felt compelled to discuss the record "since apparently it is before us." The court below gave explicit attention to the prior record in imposing sentence. The court said, "Well, your record is very bad and the unfortunate part

of it is that it seems to be getting worse. You started out as a juvenile stealing cars, and then you started writing checks; grand larceny; you have had a child-molesting case in Baltimore County, the disposition of which I am not sure; and then you are getting into kidnapping and unnatural and perverted sex acts, and it appears that your record is bad and it is getting worse." The court imposed a 15 year sentence and subsequently ordered that Moore be transferred to Patuxent Institution for examination and evaluation as a possible defective delinquent. If the lower court's consideration of the prior convictions was error, it certainly cannot be said to be harmless. See *Towers v. Director,* 16 Md. App. 678.

The circumstances under which the trial court decided to consider Moore's prior record with no inquiry concerning its validity in the face of defense counsel's letter is not disclosed by the record submitted to us.[2] We believe, and the State concedes, that defense counsel had interposed adequate objection, making known to the court by his letter what action he desired the court to take. Rules 522 b and 725 f. It is the inescapable conclusion that the court had in some manner overruled the objection and denied the request, not wishing, despite the State's offer, to be advised "on the presence of counsel at any conviction which may appear from [Moore's] F.B.I. record." And we find it obvious that counsel had not abandoned his objection at the time of sentencing but was simply yielding to a ruling made. The court erred.

In *Towers v. Director, supra,* we recognized the wide discretion which may be exercised by the sentencing judge. We said, however, that a sentence predicated to some extent upon misinformation of constitutional magnitude was improper. We pointed out that *United States v. Tucker,* 404 U. S. 443,[3] held that information

2. In oral argument it was suggested that the matter was discussed and decided at a conference in chambers.
3. It is clear that *Tucker* is to be applied retroactively. It was decided 11 January 1972. It held improper a sentence imposed at a trial in 1953 because the trial court had considered convictions unconstitutionally obtained in 1938 and 1946.

imparted to a judge that a person standing convicted before him had been previously convicted of a crime, when in fact that prior conviction was wholly unconstitutional because he had not had a lawyer or had not validly waived one, was misinformation of constitutional magnitude. We found, therefore, that as to the imposition of sentence *Tucker* applied the exclusionary rule of *Burgett v. Texas, supra,* to prior convictions so unconstitutionally obtained.[4] See *Gatewood v. State,* 15 Md. App. 450, 461-462.

Not only does the State concede that Moore made timely objection to the consideration of his prior record, but it agrees that the court below used the prior convictions in passing sentence, and that *Tucker* is applicable—"the consideration by the trial judge appears to have influenced his decision as to the severity of the sentence, and therefore served to enhance . . . punishment." It would, however, have us dispose of the issue on the ground that the procedures set up by *Johnson v. State, supra,* were not followed.

We did three things in *Johnson,* which we decided 17 March 1970. First, we held that "the *Burgett* principle serves to exclude evidence of a prior conviction offered for the purpose of impeaching the credibility of an accused testifying on his own behalf when it is established that such conviction was obtained absent representation by counsel or a valid waiver thereof." 9 Md. App. at 175. Second, we held that "it is incumbent upon the defendant, when his objection to evidence of a prior conviction is on the ground that the conviction was constitutionally void to state his reasons to the court to enable it properly to determine the issue." *Id.,* at 177. Third, we enunciated the procedure to be followed to invoke the exclusionary rule. When the defendant objects to evidence of prior convictions under the *Burgett* principle, the court shall

---

4. *Burgett* said, at 115: "To permit a conviction obtained in violation of *Gideon v. Wainwright,* [372 U. S. 335,] to be used against a person either to support guilt or enhance punishment for another offense (see *Greer v. Beto,* 384 U. S. 269) is to erode the principle of that case."

conduct a hearing. "At the hearing the State shall first have the burden of producing evidence of a prior conviction, unless admitted by the defendant, sufficient to justify a finding by the court that the defendant has suffered such previous conviction . . . When this showing has been made the defendant must produce evidence tending to establish that his constitutional right to counsel was infringed in the prior proceeding at issue [5] . . . The burden is then upon the State to prove by clear and convincing evidence that the defendant's constitutional right to counsel was *not* infringed at the prior proceeding [6] . . . The court shall make a finding on the basis of the evidence thus produced and shall exclude from the trial on the merits any prior conviction found to be constitutionally invalid. Any conviction found to be constitutionally valid shall be admitted in evidence . . . ." *Id.,* at 177-178. This procedure is to be followed whenever the *Burgett* principle is invoked to exclude evidence of a prior conviction, whether such conviction is to be used to support guilt or to enhance punishment for another offense.

Our holding as to the first matter proved to be right. In *Loper v. Beto,* 405 U. S. 473, decided 22 March 1972, the Supreme Court said, at 483: "Unless *Burgett* is to be forsaken, the conclusion is inescapable that the use of convictions constitutionally invalid under *Gideon v. Wainwright* to impeach a defendant's credibility deprives him of due process of law." Our holding as to the second matter proved to be wrong. In *Bailey v. State,* 263 Md.

---

5. We noted: "Having already elected to testify, he may assert under oath that he was without counsel in the prior proceeding and did not waive the right to counsel. He is, of course, subject to cross-examination by the State on the point." *Id.,* at 178.

6. We observed "that if proof of the prior conviction is by a certificate, under seal of the clerk of the court wherein such proceedings were had, stating the fact of the conviction and for what crime, or by any other admissible record of the proceedings establishing the conviction, and such evidence does not affirmatively show that the defendant was represented by counsel, the conviction is presumptively void. Presuming waiver of counsel from a silent record is impermissible . . . . The State must then rebut the presumption, if it can . . . ." *Id.,* at 178.

424, decided 12 November 1971, the Court of Appeals discussed *Johnson* and said that under Rule 522 d 1 it is not necessary to state grounds for objections to evidence unless requested by the court. It saw no room in the Rule or in the decisions for making the distinction we made as to stating grounds of objection when the *Burgett* principle was applicable. 263 Md. at 428. As to the third matter, we see nothing in *Bailey* to indicate that the procedure we set out in *Johnson* is improper or is to be discarded. We affirm that it is to be followed when it becomes known that objection to evidence of a prior conviction is grounded on *Burgett*.

In the instant case the State points out that the *Johnson* procedure was not followed. It asserts that there was no evidence, whether by testimony under oath, by affidavit, or by certified records of the convicting authority, that Moore was not represented by counsel in any of his prior convictions. It is correct that the record discloses no such evidence. But we do not believe that the failure of Moore to produce evidence tending to establish such absence of counsel is properly chargeable to him in the particular circumstances. The trial judge should have made a ruling on Moore's request a matter of record, but, as we have indicated, we can only conclude from what is before us that the judge accepted the State's position as set out in its letter of 17 May 1972, and, thinking that the *Burgett* principle was not applicable to prior convictions considered at the penalty stage of the trial, afforded Moore no reasonable opportunity to show *prima facie* his prior convictions were constitutionally invalid.[7]

We shall not disturb the conviction, but the sentence is vacated. The case is remanded for a hearing at which the procedure spelled out in *Johnson* shall be followed. In re-sentencing Moore the lower court shall not use any conviction shown at the hearing to have been obtained

---

7. Of course, our statements in *Jordan v. State, supra,* referred to by the State's Attorney in his letter to the lower court, must now be viewed in the light of *United States v. Tucker, supra.*

in violation of *Gideon v. Wainwright, supra,* to enhance punishment.

> *Conviction affirmed; sentence vacated; case remanded for further proceedings in accordance with this opinion.*