WAYNE PHILLIP CARROLL *v.*
STATE OF MARYLAND

[No. 49, September Term, 1973.]

*Decided October 24, 1973.*

180

The cause was argued before MOYLAN, POWERS and GILBERT, JJ.

*Harry J. Goodrick* and *Charles A. Haase* for appellant.

*George A. Eichhorn, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Richard Cooper, State's Attorney for Kent County,* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

Wayne Phillip Carroll, appellant, pled guilty in the Circuit

Court for Kent County to the crime of larceny to the value of $100.00 or upward, Md. Ann. Code Art. 27, § 340, and was sentenced to a term of ten years imprisonment, to be served consecutively with a sentence appellant was then serving in the State of Delaware.

On appeal to this Court, appellant advances two contentions, namely:

I That the trial court was without jurisdiction to try the case because the offense occurred in the State of Delaware.

II That the trial court violated the appellant's constitutional rights when it considered the appellant's prior record without a showing that the appellant had been represented by or waived counsel at the prior proceedings.

## I

Appellant charges that:

" . . . It has now been determined by Appellant that the address of the house from which the Appellant drove Blakeslee's [the victim's] car is RD #2 Townsend, Delaware. This property is owned by Mr. G. L. Funk. Therefore Appellant alleges that if any crime was committed, it took place only within the jurisdiction of the state of Delaware and not the state of Maryland."

Appellant cites a number of cases, *Tate v. State,* 236 Md. 312, 203 A. 2d 882 (1964); *Bowen v. State,* 206 Md. 368, 111 A. 2d 844 (1955); *Heath v. State,* 198 Md. 455, 85 A. 2d 43 (1951); *Berlinsky v. Eisenberg,* 190 Md. 636, 59 A. 2d 327 (1948); *Waldrop v. State,* 12 Md. App. 371, 278 A. 2d 619 (1971); *Wheeler v. State,* 10 Md. App. 624, 272 A. 2d 96 (1971); *Fix v. State,* 5 Md. App. 703, 249 A. 2d 224 (1969), to support his position that even though the question of jurisdiction was not raised in the lower court, it may be raised for the first time on appeal. The cited cases, however, are inapposite where the record does not support the contentions.

The record discloses that at the time the case was called for trial the State's Attorney presented to the trial judge a

statement of facts which concluded with the sentences: "These incidents happened in Kent County, Maryland. And that's the basis of the charge of grand larceny." Such a statement, then unchallenged, demonstrated jurisdiction to be in the Circuit Court for Kent County, and that jurisdiction may not now be defeated in this Court by the bald, self-serving averment of the appellant that *he has now determined that the offense was committed dehors this State.* The appellant, however, if what he avers is true, is not left without a remedy. Md. Rule 764 b 1 confers upon a trial court the right within 90 days from the date of sentence, or 90 days after receipt of our mandate, to revise its judgment. *Carter v. State,* 15 Md. App. 242, 289 A. 2d 837 (1972). Rule 764 b 3 provides:

> "The court may, pursuant to a motion filed within the time set forth in subsection 1 of this section, grant a new trial or other appropriate relief on the ground of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under section a of Rule 759 (Motions After Verdict)."

*See Ragler v. State,* 18 Md. App. 671, 308 A. 2d 401.

## II

Following the acceptance of the guilty plea, the trial judge ordered a presentence report. At the time of sentencing, the appellant's attorney objected to the "full juvenile record" that was before the court. The judge responded that he could use the record "on sentencing." He said, "It can't be used until the question of sentencing is being considered." Counsel then opined, "There is no record to show whether or not any attorney was ever appointed in the adult [criminal proceedings], or whether he waived any attorney, which I believe is objectionable and I would ask — ." The judge interrupted counsel and said:

> "Now wait a minute. You are dealing with the question now, are you not, that goes to whether or not you can use the prior record to impeach? If you

didn't have an attorney you can't, but I don't know of any ruling now that applies to sentencing."

The trial court erred. There are such rulings.

In *Towers v. Director*, 16 Md. App. 678, 299 A. 2d 461 (1973), Chief Judge Orth, speaking for this Court, said, at 681:

> " . . . Although a judge may impose a sentence in his informed discretion, a sentence predicated to some extent upon misinformation of constitutional magnitude is improper. *Tucker* [*United States v. Tucker*, 404 U. S. 443, 92 S. Ct. 589, 30 L.Ed.2d 592 (1972)] flatly holds that information imparted to a judge that a person standing convicted before him had been previously convicted of a crime, when in fact that prior conviction was wholly unconstitutional under *Gideon v. Wainwright*, 372 U. S. 335 [83 S. Ct. 792, 9 L.Ed.2d 799 (1963)] is misinformation of constitutional magnitude."

The Supreme Court, in *Burgett v. Texas*, 389 U. S. 109, 88 S. Ct. 258, 19 L.Ed.2d 319 (1967), said, at 115:

> " . . . To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense, (see *Greer v. Beto*, 384 U. S. 269) [86 S. Ct. 1477, 16 L.Ed.2d 526 (1966)] is to erode the principle of that case."

*Burgett* held that prior convictions obtained when a defendant was not represented by counsel could not be used "to support guilt or enhance punishment." In *United States v. Tucker*, *supra*, the Court enlarged upon *Burgett* by holding that convictions obtained in violation of the fundamental right to counsel may not be considered in the sentencing procedure. *See Moore v. State*, 17 Md. App. 237, 300 A. 2d 388 (1973), wherein we discussed *Tucker* and said, at 241:

> " . . . [A] sentence predicated to some extent upon

misinformation of constitutional magnitude was improper."

Further, we repeated in *Moore, supra,* at 242-43, our holding in *Johnson v. State,* 9 Md. App. 166, 263 A. 2d 232 (1970),[1] that:

" . . . When the defendant objects to evidence of prior convictions under the *Burgett* principle, the court shall conduct a hearing. 'At the hearing the State shall first have the burden of producing evidence of a prior conviction, unless admitted by the defendant, sufficient to justify a finding by the court that the defendant has suffered such previous conviction. . . . When this showing has been made the defendant must produce evidence tending to establish that his constitutional right to counsel was infringed in the prior proceeding at issue. . . . The burden is then upon the State to prove by clear and convincing evidence that the defendant's constitutional right to counsel was not infringed at the prior proceeding . . . The court shall make a finding on the basis of the evidence thus produced and shall exclude from the trial on the merits any prior conviction found to be constitutionally invalid. Any conviction found to be constitutionally valid shall be admitted in evidence. . . .' This procedure is to be followed whenever the *Burgett* principle is invoked to exclude evidence of a prior conviction, whether such conviction is to be used to support guilt or to enhance punishment for another offense." (Footnotes omitted).

We pointed out in both *Johnson, supra,* and *Moore, supra,* that the burden is on the State to establish by "clear and

---

1. *Johnson v. State, supra,* was overruled by the Court of Appeals in *Bailey v. State,* 263 Md. 424, 283 A. 2d 360 (1971), on the second holding that counsel, at the time he sought to inject *Burgett v. Texas, supra,* into the proceeding, had to state the reason for his objection. The Court of Appeals held that Rule 522 d 1 was applicable and that it was not necessary to state the reasons for an objection unless requested by the court to do so. In other respects our decision in *Johnson, supra,* stands.

convincing evidence that the defendant's constitutional right to counsel was not infringed at the prior proceeding." The procedure that we spelled out in *Johnson, supra,* and reiterated in *Moore, supra,* was not intended to be a guide, that may or may not be used, but was enunciated and promulgated for the Bench and Bar to follow.

Former Justice Fortas, delivering the opinion of the Court in the case of *In re Gault,* 387 U. S. 1, 87 S. Ct. 1428, 18 L.Ed.2d 527 (1967), said, at 36:

> " ... There is no material difference in this respect [the right to counsel] between adult and juvenile proceedings of the sort here involved. ... A proceeding where the issue is whether the child will be found to be 'delinquent' and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution. The juvenile needs the assistance of counsel to cope with problems of law, to make skilled inquiry into the facts, to insist upon regularity of the proceedings, and to ascertain whether he has a defense and to prepare and submit it. The child 'requires the guiding hand of counsel at every step in the proceedings against him.' " (Footnotes omitted).

*Gault, supra,* through the Due Process Clause of the Fourteenth Amendment, extended to a juvenile the constitutional protection of having "the Assistance of Counsel for his defence" theretofore seemingly mandated exclusively for adults by the Sixth Amendment. So that now a juvenile charged in any delinquency proceeding is afforded the same constitutional safeguard, insofar as the right of counsel is concerned, that surrounds an adult.

Mr. Justice Douglas, in *Argersinger v. Hamlin,* 407 U. S. 25, 92 S. Ct. 2006, 32 L. Ed. 530 (1972), stated, at 37:

> "We hold, ... that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

Applying the rationale of *Gideon, Gault, Burgett, Tucker*, and *Argersinger*, all *supra*, we hold that the juvenile delinquency record of an accused may not be used "either to support guilt or enhance punishment" if the *Burgett* principle is invoked by a defendant, unless the same procedure set forth in *Johnson v. State, supra*, and *Moore v. State, supra*, is followed.[2]

Md. Ann. Code Art. 26, § 70-21 provides in pertinent part:

> "The proceedings with reference to a child in the juvenile court shall not be admissible as evidence against him in any criminal proceeding, other than a charge of perjury, except after conviction of a crime in proceedings to determine his sentence."

The quoted language of the statute above does not mean, as it was apparently interpreted to mean in the instant case, that even constitutionally defective findings of delinquency may be considered by a sentencing court to enhance punishment. The statute must be read together with the decisions of the Supreme Court and of this Court. Hence, a juvenile record is not only inadmissible in a "criminal proceeding, ...., except after conviction of a crime in proceedings to determine his sentence," but even then, should *Burgett* be interposed, only if the prior finding of delinquency satisfies the constitutional requirements of *Johnson, supra*, and *Moore, supra*.

It is patent that in the case before us the juvenile delinquency record, as well as the adult criminal record, was considered by the trial judge for the purpose of enhancing punishment without the required showing that the prior convictions and the prior findings of delinquency were constitutionally valid.

We shall not disturb the conviction, inasmuch as we have found that the trial court had jurisdiction, but we vacate the sentence that was imposed upon the appellant. In

---

2. One of Tucker's convictions, obtained without assistance of counsel, which the Supreme Court ruled could not be used in sentencing to "enhance punishment," occurred while he was a juvenile. *United States v. Tucker, supra*, n. 1.

resentencing, the trial court shall not rely upon or use any conviction demonstrated to have been obtained in violation of *Gideon v. Wainwright, supra,* nor upon any finding of delinquency in a juvenile proceeding in violation of *Gault, supra,* for the purpose of enhancing punishment.

> *Conviction affirmed.*
>
> *Sentence vacated.*
>
> *Case remanded for further proceedings in accordance with this opinion.*