## ROLAND DOUGLAS BARNES *v.* STATE OF MARYLAND

[No. 453, September Term, 1973.]

*Decided February 19, 1974.*

The cause was argued before ORTH, C. J., and MORTON and THOMPSON, JJ.

*DeHaven L. Smith* for appellant.

*Alexander L. Cummings, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Peter Ward, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

It appears that officials in the trial courts and in the State's Attorneys' offices are not paying adequate attention to the provisions of Md. Code, Art. 27, §§ 616A-616S. These sections were enacted by the Maryland Legislature in 1965. In 1972, the Court of Appeals of Maryland held that the statutes, at least insofar as they affected out of state prisoners, were self-executing; consequently, when the statutes are properly invoked, pending indictments against prisoners who are subject to detainers must be dismissed unless the case is tried within 180 days, absent a continuance in open court for good cause shown. *Hoss v. State,* 266 Md. 136, 292 A. 2d 48 (1972). The instant case involves a prisoner confined within this State, but the statutory provisions pertaining to intrastate prisoners are so similar to the provisions pertaining to prisoners held out of state that *Hoss* circumscribes our course of action. Therefore, the instant murder indictment must be dismissed with prejudice.

Pertinent provisions of § 616S are:

"(a) *Request by prisoner; statement from warden having custody.* — Whenever the Department of Correction receives a detainer against any prisoner serving a sentence in any correctional institution under the jurisdiction of the Department or whenever any county or city jail receives a detainer against any prisoner serving a sentence in the county or city jail any such prisoner shall be brought to trial within 120 days [1] after the

---

1. 180 days is provided for the trial of out of state prisoners. § 616A(a).

request of the prisoner for final disposition of the indictment, information, or complaint has been delivered to the State's attorney of the City of Baltimore or of the county in which the indictment, information, or complaint is pending and to the appropriate court; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be filed within 30 days of the prisoner's notification of any untried indictment, information, or complaint and shall be accompanied by a statement from the warden or superintendent having custody, setting forth the term of the commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the date of parole eligibility of the prisoner, and any decisions of the Board of Parole and Probation relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail.

"(c) *Dismissal when action not commenced.* — If action is not commenced on the matter for which request for disposition was made, within the time limitation set forth in subsection (a) above, the court shall no longer have jurisdiction thereof, and the untried indictment shall have no further force or effect; and in such case the court shall enter an order dismissing the untried indictment with prejudice."

The record evinces the following chronological exposition of pertinent facts. On May 26, 1972, intrastate detainer was lodged with the Department of Correctional Services and recited that appellant had been indicted for murder by the Grand Jury of Baltimore City. Appellant was notified of the detainer on May 30, 1972. On June 9, 1972, a letter, with enclosures attached,[2] was sent by Certified Mail to Milton B.

2. Attached to the cover letter were House of Correction Forms: No. 1

Allen, the State's Attorney for Baltimore City, according to the testimony of the classification counselor at the House of Correction. On the bottom of the letter to the State's Attorney was a notation that a carbon copy was *on that same day* being sent to the Clerk of the Criminal Court, Courthouse, Baltimore, Maryland. This copy, however, was sent by First Class Mail, in accordance with the policy of the Warden's office at that time. Other than the notation on the letter to the State's Attorney, there was no record of when the copy was mailed to the Clerk of the Court. Under subpoena, the Clerk of the Court searched his files and found, misfiled under "S", the copy of the letter with enclosures which was mailed to the State's Attorney. There was no stamp or other evidence as to when the clerk's office received its copy.

The letter to the State's Attorney was stamped as having been received at 11:05 a.m. on June 12, 1972. The State's Attorney, in accordance with established procedure, sent the letter with enclosures to the Supreme Bench Criminal Assignment Office, which received the papers at 2:57 p.m. on June 19, 1972.

The case lay dormant for more than 120 days until on November 6, 1972 — the 139th day — when the Public Defender's Office appointed an attorney for appellant. On December 14, 1972, the appellant moved for discovery. Counsel agreed, on December 19, 1972, to schedule appellant's trial on February 21, 1973. The State answered appellant's discovery motion on December 20, 1972. Trial commenced on February 21, 1973, and resulted in a verdict of guilty of murder in the first degree.

The appellant timely moved that the murder indictment against him be dismissed under Md. Code, Art. 27, § 616S (c) because "action" [3] was not commenced within 120 days

entitled, "Notice of Untried Indictment, Information or Disposition and of Right to Request Disposition."; No. 2, "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints."; No. 3, "Certificate of Inmate Status." The State's Attorney conceded that the three forms enclosed with the letter to the State's Attorney were substantially in the form required by the statute.

**3.** The term "action", as used within § 616S (c), is construed to mean trial. *King v. State, infra* at 661.

after the request of the defendant for final disposition of the murder indictment. Having found that the Clerk of the Criminal Court of Baltimore did not receive its copy of the prisoner's request by Certified Mail and absent proof of the exact date that the papers were actually received by the Clerk of the Court, the trial judge ruled that the Act was not strictly complied with. Relying on *King v. State*, 5 Md. App. 652, 249 A. 2d 468 (1969), he denied the motion to dismiss the indictment. In *King v. State, supra*, we did not direct our attention to the Certified Mail portion of the statute. The language of the opinion indicates quite clearly, however, that if it were shown that proper papers were delivered to the office of the State's Attorney and to the appropriate court, such delivery would effect sufficient compliance with the statute:

> "As we construe Md. Code, Art. 27, § 616S, applicable at the time of the appellant's trial, it provides:
>
> 1) a warden having knowledge of an indictment pending in this State against a prisoner in his custody, such knowledge having been obtained by notice to the warden of a detainer received by the Department of Correction, shall inform the prisoner in writing, within 15 days of the obtaining of such knowledge, of the source and contents of the indictment and of the prisoner's right to make a request for final disposition of it.
>
> 2) the prisoner may, within 30 days of the receipt of such information, make a request, in writing, for final disposition of the indictment and deliver it to the warden.
>
> 3) upon receipt of such request the warden shall prepare a statement as to the matters specified in subsection (a) and deliver a copy of the request and statement to each of the State's attorneys and the appropriate court in the jurisdiction where the indictment is pending.

4) the indictment shall be brought to trial within 120 days of the receipt of the request and statement by the State's attorney and court; except that for good cause shown in open court, in the presence of the prisoner or his counsel, the court may grant any reasonable or necessary continuance; if trial is not commenced within such time limitation the court shall no longer have jurisdiction, the indictment shall have no further force or effect and the court shall order it dismissed with prejudice." *Id.* at 661-62.

The record in the instant case shows that the assignment office for the Criminal Court of Baltimore received a copy of all the necessary papers on June 19, 1972 at 2:57 p.m. and that a copy of all necessary papers had previously been delivered to the office of the State's Attorney for Baltimore City on June 12, 1972 at 11:05 a.m.

Nowhere in the statutes do we see any requirement that the papers be filed with the Clerk of Court. The statutes refer to an "appropriate court." We hold that a delivery of the necessary papers to the assignment office is a delivery to the appropriate court, and we think any construction which would require that the notice be sent by Certified Mail as opposed to any other method, when the notice is shown to have been actually delivered, would derogate from the manifest expression of legislative will.

We have repeatedly refused to invoke the detainer statute when its requisites have not been complied with. *See Davidson v. State,* 18 Md. App. 61, 305 A. 2d 474 (1973) and *State v. Long and Nelson,* 1 Md. App. 326, 230 A. 2d 119 (1967), both held the prisoner had not "entered upon a term of imprisonment" prior to detainer being lodged; *Gibson, Tate and Austin v. State,* 17 Md. App. 246, 300 A. 2d 692 (1973) and *Carter v. State,* 15 Md. App. 242, 289 A. 2d 837 (1972); both held prisoner failed to prove that warden received notice of a detainer; and, *King v. State, supra,* which held prisoner did not establish that he made a request for disposition within 30 days of notification that detainer

was lodged against him. Immaterial nonconformity, however, will not vitiate the prisoner's entitlement under the statute. *See State v. Lippolis,* 101 N. J. Super. 435, 244 A. 2d 531, 536 (1968), *reversed on other grounds,* 262 A. 2d 203 (1970).

We find the Intrastate Act and the Interstate Agreement to be identical as to purpose and rationale. Hence, we apply to the Intrastate Act the liberal construction requirement of Section 616J, in order to encourage expeditious and orderly disposition of outstanding charges against a prisoner then incarcerated under a term of imprisonment. § 616B. When the State's Attorney and the appropriate court receive actual notice, the statute has been substantially complied with even though the court did not receive its copy via Certified Mail, as § 616S (a) expressly requires. Failure to bring the appellant to trial within 120 days from the date of delivery to the State's Attorney (June 12, 1972) and the appropriate court (June 19, 1972), requires that the subject indictment be dismissed with prejudice. § 616S (c).

As we indicated earlier, our decision is dictated by *Hoss v. State, supra,* wherein it was held the provisions of the Interstate Statute were properly invoked and, being self-executing required that the indictment be dismissed. *Hoss, supra* at 146, quoted from *State v. Lippolis,* with approval:

> "The Legislature adopted the dismissal sanction not because a prisoner would be prejudiced at trial if trial were delayed more than 180 days after demand but because such a sanction for failure to try defendant within a fixed, reasonable period of time after demand was regarded as essential to produce general compliance with the statutory mandate. The sanction is a prophylactic measure to induce compliance in the generality of cases."

Perhaps lamenting their lack of choice, the Court of Appeals

---

4. The Interstate Agreement, § 616D (b) requires a return receipt; this requirement was omitted from the Intrastate portion of the Detainer Act, § 616S (a).

concluded, "even if Hoss were to be set free tomorrow we could not do otherwise. The indictments must be dismissed with prejudice."

Under our holding, there is, of course, no need for us to consider the other contentions.

*Judgment reversed.*

*Case remanded for dismissal of indictment with prejudice.*