SHERMAN ELROY GARDNER, III *v.*
STATE OF MARYLAND

[No. 210, September Term, 1975.]

*Decided December 3, 1975.*

The cause was argued before MORTON, GILBERT and MOORE, JJ.

*John J. Garrity,* with whom were *Feissner, Garrity, Levan & Schimel* and *Edward P. Camus, Public Defender for Prince George's County,* on the brief, for appellant.

*Bruce C. Spizler, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *E. Garrison Neal, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

Once again we are required to reverse a conviction wherein the facts clearly indicate the guilt of the accused. We must reverse because of the State's failure to comply with the provisions of Md. Ann. Code art. 27, § 616S (a), the Intrastate Detainer Act. That section provides that an accused who is serving another sentence

> ". . . in any correctional institution under the jurisdiction of the Department [Division of Correction] or whenever any county or city jail receives a detainer against any prisoner serving a sentence in the county or city jail any such prisoner shall be brought to trial within 120 days after the request of the prisoner for final disposition of the indictment, information, or complaint has been delivered to the State's Attorney . . . of the county in which the indictment, information, or complaint is pending and to the appropriate court; *provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.* The request of the prisoner shall be filed within 30 days of the prisoner's notification of any untried indictment,

information, or complaint and shall be accompanied by a statement from the warden or superintendent having custody, setting forth the term of the commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the date of parole eligibility of the prisoner, and any decisions of the Board of Parole and Probation relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail." (Emphasis supplied).

Subsection (c) of § 616S mandates that if the case is not prosecuted within the 120 day period, the trial court has no jurisdiction over the matter, the untried charging document is not viable, and the case must be dismissed with prejudice.

In the instant case the record discloses that appellant was indicted, *inter alia*, for robbery with a dangerous and deadly weapon. The indictment was handed down by the Grand Jury for Prince George's County on May 1, 1974. The appellant, Sherman Elroy Gardner, III, was at that time confined for an unrelated offense at the Maryland Correctional Training Center in Hagerstown, Maryland, where he was serving a three year sentence dating from January 15, 1974. The appellant, upon notice of the detainer lodged as a result of the indictment, executed a "Request for an Immediate and Speedy Trial" on May 15, 1974 and it, together with the other information required by Md. Ann. Code art. 27, § 616S (a), was forwarded to the Circuit Court for Prince George's County. While nearly all other paper writings in the record bear a stamped date indicating when the papers were received for filing, neither the appellant's request for immediate and speedy trial nor the Division of Correction's "Certificate of Inmate Status" denotes any such stamping or date of receipt. We observe that the Division of Correction's "Certificate of Inmate Status" was completed by the Division on May 24, 1974, and that it, together with the appellant's request for immediate and speedy trial, was filed in the record sometime thereafter, but prior to June 14,

1974, when appellant's then counsel moved to dismiss the indictment against appellant, seemingly on the basis of our decision in *Matter of Trader*, 20 Md. App. 1, 315 A. 2d 528 (1974), *reversed* 272 Md. 364, 325 A. 2d 398 (1974). No contention has been made in this Court by the State that appellant did not fully comply with the requisite terms of Md. Ann. Code art. 27, § 616S. We, therefore, shall presume that there was full compliance.

The threshold question arises as to when the statutory period of 120 days began to run. Because no other date, as we have said, is otherwise indicated in the record, for purposes of this opinion we shall commence the accounting from the date the Certificate of Inmate Status was executed by the Division of Correction, *i.e.*, May 24, 1974. Under that accounting the appellant, absent a continuance for good cause, § 616S (a), was required to have been tried no later than September 21, 1974, but no trial took place on or before that statutorily prescribed date. The trial was not, in fact, commenced until December 17, 1974, or approximately 90 days after the 120 day period had expired.

The State argues that because the appellant, on June 14, 1974, filed a motion to dismiss the indictment on the ground of the unconstitutionality of the Juvenile Waiver Law, formerly Md. Ann. Code, Courts and Judicial Proceedings Art. § 3-808 (4),[1] and the trial court apparently deferred ruling on that motion,[2] pending the decision of the Court of Appeals which had granted certiorari on our decision in *Matter of Trader*, 20 Md. App. 1, 315 A. 2d 528 (1974). The State then contends that the constitutional attack by the appellant precluded him from seeking dismissal of the indictment because he was not brought to trial within the time prescribed by Md. Ann. Code art. 27, § 616S (a). The

---

1. By *Laws* 1975, ch. 554, former Courts and Judicial Proceedings Article § 3-808 was repealed and reenacted as Courts Art. § 3-804(d). Courts Art. § 3-808 as reenacted is now concerned solely with the question of venue. Those provisions of Courts Art. §§ 4-501 — 4-530 which prescribed a different form of treatment of persons alleged to be juvenile offenders in Montgomery County, were repealed by *Laws* 1975, ch. 554, § 2, effective July 1, 1975.

2. The State correctly observed that ". . . the record is silent as to the cause of the delay in ruling on the original motion to dismiss. . . ."

318

State's argument might be valid if the State, at a hearing in open court, at which appellant or his counsel appeared, had requested a continuance "for good cause shown" bottomed on appellant's assault upon the constitutionality of the then Maryland Juvenile Waiver Law.[3] If the State did not so request at the hearing, the trial judge might have considered appellant's motion to dismiss, based upon the allegation that the Juvenile Waiver Act, formerly Courts Art. § 3-808 (4),[4] was unconstitutional, as "good cause" for a continuance pending a resolution of the issue by the Court of Appeals. Neither action was, however, taken. In fact, no hearing was even held on the June 14 motion to dismiss until October 30, 1974, at which time it was denied on the basis of the Court of Appeals's opinion in *Trader, supra*, filed September 13, 1974.

In *Barnes v. State*, 20 Md. App. 262, 315 A. 2d 117 (1974), *aff'd State v. Barnes*, 273 Md. 195, 328 A. 2d 737 (1974), Judge Thompson, writing for this Court, pointed out that

> ". . . [W]e apply to the Intrastate Act the liberal construction requirement of Section 616J, in order to encourage expeditious and orderly disposition of outstanding charges against a prisoner then incarcerated under a term of imprisonment. § 616B. . . . Failure to bring the appellant to trial within 120 days from the date of delivery to the State's Attorney . . . and the appropriate court . . ., requires that the subject indictment be dismissed with prejudice. § 616S (c)." 20 Md. App. at 268.

*See also Hoss v. State*, 266 Md. 136, 292 A. 2d 48 (1972).

The appellant's request for trial in the instant case, filed, as we have stated, on May 24, 1974, was, in the words of Judge O'Donnell in *State v. Barnes*, 273 Md. at 198, ". . . negatively — if not affirmatively — ignored. . . ." The appellant's motion of June 14, 1974 to dismiss the indictment on constitutional grounds did not, in any way, by the mere filing thereof, *ipso facto*, toll the running of the 120 day span

3. Now Courts Art. § 3-804 (d). *See* n. 1, *supra*.
4. *Id.*

prescribed by § 616S (a). The appellant's statutory right, properly exercised by him, was ignored, apparently on the misguided or misdirected belief that the June 14, 1974 motion excused compliance with Md. Ann. Code art. 27, § 616S (a). As we have previously indicated, the motion might have tolled the statute if the requisite hearing prescribed by § 616S (a) had been held and good cause for a continuance had been demonstrated. No hearing was held prior to the time that the statute had run its course.

We believe the closing words of Judge O'Donnell in *State v. Barnes*, 273 Md. at 213, clearly and succinctly to state our view in this matter:

> "We lament the fact that by our decision we are now compelled to discharge one who was convicted by a jury . . . [of robbery with a deadly weapon and related charges], but the results are not of our doing. As was cogently observed by Mr. Justice Clark, who delivered the majority opinion of the United States Supreme Court in *Mapp v. Ohio*, 367 U. S. 643, 659 (1961): ' "The criminal goes free, if he must, but it is the law that sets him free. Nothing can destroy a government more quickly than its failure to observe its own laws, or worse, its disregard of the charter of its own existence. . . . 'If the government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy.' " ' Under the facts here, governmental personnel by their laxity and apathy ignored the mandates of the law."

Just as in *Barnes*, we have no choice but to reverse this case. We do so by reason of the trial court's having lost jurisdiction over the case 120 days after appellant properly filed, under Md. Ann. Code art. 27, § 616S, a request for an immediate and speedy trial. The State's laxity or mistaken interpretation of the clear and unambiguous provisions of § 616S leaves us with no alternative.

*Judgments reversed.*